Evelyn L. Sanders v. Commissioner.
Sanders v. Commissioner
Docket No. 77757.
United States Tax Court
T.C. Memo 1960-61; 1960 Tax Ct. Memo LEXIS 224; 19 T.C.M. (CCH) 323; T.C.M. (RIA) 60061; March 31, 1960
*224 Petitioner, a teacher instructing, inter alia, in art and geography, was required by her employer either to attend summer school or to perform approved travel once every 5 years. In 1953 she satisfied the requirement by attending summer school. In 1955 she received approval to satisfy requirement for 5-year period ending 1958 by travel in Europe. She traveled in Europe, visiting many museums, art galleries, and structures of artistic significance, and making geographic observations. Upon her return she submitted a written report of her travels to her employer which was approved in satisfaction of the requirement. Held, petitioner may deduct the cost of travel as ordinary and necessary business expenses. Harold B. Sanders, Esq., Kirby Building, Dallas, Tex., for the petitioner. Edward John Eagleton, Esq., and Allen T. Akin, Esq., for the respondent. BLACK Memorandum Opinion BLACK, Judge: The respondent has determined a deficiency in petitioner's income tax for the calendar year 1955 in the amount of $127. The deficiency results from the disallowance of one deduction, explained in the statutory notice as follows: "(a) It is held that the amount of $635.00 which was deducted as traveling *225 expense on your return does not constitute an allowable deduction under internal revenue laws." The question presented is whether petitioner may deduct as ordinary and necessary business expenses certain costs of travel in Europe incurred pursuant to a requirement of her employer. All of the facts are stipulated, are incorporated herein by this reference, and may be summarized as follows: Petitioner, an individual, resided in Chickasha, Oklahoma, during the taxable year 1955. She timely filed an individual income tax return for that year with the district director of internal revenue, Oklahoma City, Oklahoma. Petitioner was employed by the Board of Education of Chickasha, Oklahoma, during the taxable year and for some years prior thereto, as a teacher of the third grade in the public schools of Chickasha. She instructed in reading, geography, art, spelling, arithmetic, English, writing, science, and health. During 1955, and for some years prior thereto, petitioner held the degree of Master of Arts from the University of Oklahoma. Rules of the Chickasha board of education, in effect since 1933, required teachers to maintain certain qualifications. As applicable to petitioner, these *226 rules required: "All teachers in the Chickasha Public Schools, holding * * * a Master Degree, to attend summer school, or satisfy Board of Education requirements in equivalent by Administration approved travel, at least one summer in every five." Petitioner satisfied this requirement in 1953 by attending summer school at Oklahoma College for Women. In 1955 petitioner was given approval of plans to travel in Great Britain and Europe in satisfaction of the 5-year requirement she had to meet prior to the end of 1958. On June 2, 1955, petitioner departed from Chickasha, traveling by automobile and train to Montreal, Canada, where she boarded a ship for Southampton, England. She arrived in England on June 17, and traveled to King's Lynn, where she spent 10 days. While staying in King's Lynn, petitioner made trips to see Ely Cathedral; Cambridge University and Fitzwilliam Museum at Cambridge, England; and the cathedral and museum at Norwich, England. On June 28, petitioner traveled to Edinburgh, Scotland, and vicinity, visiting, inter alia, St. Giles Church and Holyrood House, Linlithgow and Stirling castles in the Trossachs, Abbotsford (the home of Sir Walter Scott), and Melrose and Dryburgh *227 Abbeys. Returning to King's Lynn, petitioner visited St. James, an English public school, and then proceeded to Harwich, England, where she boarded a ship for Rotterdam, Holland. From Rotterdam, petitioner traveled through Brussels, Belgium, to Paris, France, on July 7, 1955. In Paris, she visited, inter alia, the Madelaine and Sacre Coeur churches, the Arc de Triomphe, the cathedral of Notre Dame, and the Louvre. Petitioner made trips from Paris to Fountainbleau Chateau, where she saw a collection of Gobelein tapestries, and to Barbizon, where she saw the home of Millet and the countryside he painted. Petitioner left Paris on July 10, 1955, and arrived in Florence, Italy, on July 12, 1955, traveling through Nice, France, and the French and Italian Rivieras. In Florence, she visited the Palazzo Vecchio, the Pitti Palace, and Uffizi art galleries, and the Medici Chapels decorated by Michelangelo. Petitioner's travels took her to the monastery and museum of San Marcos, where Fra Angelico painted, and led her to Rome on July 15, 1955. In Rome, petitioner visited the Borghese and Vatican galleries, the Sistine Chapel, St. Peter's Cathedral, the Forum of the Caesars, Trajan's Column, the *228 Circus Maximus, the Coliseum, and the fountains of Rome. Petitioner returned to Paris by way of Geneva, Switzerland, spent part of a day visiting the Louvre again, and proceeded to London on July 21, 1955. In London petitioner visited, inter alia, the British Museum, St. Paul's Cathedral, Westminster Abbey, and the Tower of London. Petitioner proceeded to Liverpool by way of King's Lynn, boarded ship, and returned to Chickasha on August 11, 1955. Upon her return, petitioner prepared a required report of her travels which she submitted to her employer. The report contains numerous observations on topography, industrial, commercial, and agricultural activities, customs and habits, urban design, climatic conditions, and specific magnetic directions and distances traveled. The board of education accepted the report and approved petitioner's travel in satisfaction of its requirement for attendance at summer school or equivalent travel. The cost of petitioner's travel amounted to $1,069.30, of which $443.50 in transportation was donated to her. Petitioner claimed deduction of travel expenses on her return for the year 1955 in the amount of $635. Petitioner's expenses of travel in Europe *229 constituted ordinary and necessary business expenses. The sole question presented is whether petitioner, a third grade teacher instructing in, inter alia, art, geography, English, and reading, may deduct, under section 162(a) [1] of the 1954 Code, expenses incurred while traveling in Europe in satisfaction of her employer's requirement that she either "attend summer school or satisfy Board of Education requirements in equivalent by Administration approved travel." Petitioner contends that her expenses of travel to the extent of $625.80 are deductible as ordinary and necessary business expenses. It has been stipulated that "The sum of $625.80 is agreed to be a reasonable expense for the 'approved travel' of the petitioner, if said amount is otherwise allowable as a tax deduction." Respondent, however, contends that these travel expenses do not constitute an allowable deduction under internal revenue laws. If expenditures are to be deducted under section 162(a), they must *230 be business expenses; that is, they must proximately result from petitioner's conduct of a trade or business. Sarah Backer et al., Executors, 1 B.T.A. 214, cited with approval in Kornhauser v. United States, 276 U.S. 145. Personal, living, or family expenses may not be deducted without express statutory authorization. Section 262, 1954 Code. Petitioner contends that her travel expenses clearly qualify as deductions under Regs.section 1.162-5(a). [2] *231 *232 Respondent argues, in consonance with his determination, that the expenses were personal, under Regs. section 1.162-5(b) or (c), [3] *233 either because they were incurred in fulfillment of petitioner's general educational aspirations or because the costs of travel as a form of education are deemed more intimately associated with a taxpayer than a taxpayer's business. We do not agree with respondent that the expenses in issue were personal to petitioner, rather than proximately resulting from her business. The record shows that petitioner, who instructed in art, geography, and other subjects, was required by her employer either to attend summer classes or make approved trips, once in every 5 years. Petitioner had previously satisfied this requirement in 1953. In 1955, she received approval to satisfy the requirement for the next 5-year period which ended in 1958 by traveling in Great Britain and Europe. She performed the travel in seven foreign countries, visiting and observing many museums of art and buildings of architectural significance. Upon her return she submitted to her employer *234 a report of her travels and observations which was accepted and approved in satisfaction of the employer's requirement. While it may be that any education is undertaken in fulfillment of the general educational aspirations of a taxpayer, section 1.162-5(b) merely addresses itself to the nondeductibility of the expenses of education undertaken "primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer." We conclude from the record presented that petitioner incurred the expenses here in issue primarily for the purpose of meeting express requirements of her employer rather than in fulfillment of some personal purpose. Respondent argues that Regs. section 1.162-5(c) [4] requires that the claimed deduction be disallowed. We note that section 1.162-5(c) commences with the words, "In general," thereby recognizing that some travel as a form of education will not be deemed to give rise to nondeductible personal expenses. Indeed, such an exception had already been recognized. [5] We believe the regulatory section upon which respondent relies is inapplicable to the present factual situation. Cf. Hill v. Commissioner, 181 F. 2d 906, reversing *235 13 T.C. 291. [6] We conclude that the expenses here involved are business expenses.
To be deductible, however, business expenses must be "ordinary." They *236 are ordinary if incurred in pursuing a course of conduct which constitutes a normal and natural response under the specific circumstances in which a taxpayer finds himself. Hill v. Commissioner, supra; Welch v. Helvering, 290 U.S. 111. Respondent urges that decision in the instant case is controlled by our decision in Richard Seibold, 31 T.C. 1017. In that case we held that travel in Europe, which we characterized as a "sight-seeing trip," was not the normal and natural response of a reasonable teacher of music to the requirement of his employer, a board of education, that he either go to school or travel. Our Findings of Fact in that case contained no facts from which a reasonable relationship between the travel performed and the subjects in which the taxpayer instructed could be found. In the present case, petitioner holds the degree of Master of Arts. She had last satisfied her employer's requirement in 1953 by attending school. She instructs, among other subjects, in art and geography. She traveled in seven foreign countries, noting geographical relationships of places to which she traveled, customs and habits of people, features of terrain, industrial activities, and climatic *237 conditions. We believe such activity bears a definite and logical relationship to the teaching of geography, in the ordinary acceptation of the latter term. [7]
As to the subject of art, respondent seeks to dismiss the places which petitioner visited as "common tourist attractions." We think that the Louvre, the Uffizi, Vatican, and Borghese galleries, the Sistine Chapel, Pitti Palace and Palazzo Vecchio, and the British, Fitzwilliam, and San Marcos museums, with their collections of artworks of the greatest masters of the Western world, cannot be so lightly treated. A visit to any one of these by a teacher of art can hardly be equated with a "common tourist attraction." Moreover, many of the buildings which petitioner visited are among the greatest products of the architectural and decorative arts, ranking by themselves as works of art. [8] We cannot say that the travel petitioner performed *238 was not the normal and natural response of a teacher of art and geography, who had previously attended summer classes, to the requirement of her employer that she either attend classes or travel. We find that petitioner's travel expenses were "ordinary" business expenses.
Finally, we conclude that petitioner's ordinary business expenses were also "necessary." Respondent does not deny that petitioner's employer required her either to attend classes or to travel. It would appear unsound to contend that because she could have chosen the other, the expenditures she made were not necessary. We need not, however, find such compulsion, for expenses are necessary if appropriate *239 and helpful. Welch v. Helvering, supra.We find petitioner's expenses of travel necessary. We hold, therefore, that petitioner's expenses for travel, under the circumstances herein, constituted ordinary and necessary business expenses, and are deductible. Decision will be entered under Rule 50. Footnotes
1. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *↩
2. § 1.162-5 Expenses for Education. - (a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of: (1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, or (2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment. Whether or not education is of the type referred to in subparagraph (1) of this paragraph shall be determined upon the basis of all the facts of each case. If it is customary for other established members of the taxpayer's trade or business to undertake such education, the taxpayer will ordinarily be considered to have undertaken this education for the purposes described in subparagraph (1) of this paragraph. Expenditures for education of the type described in subparagraph (2) of this paragraph are deductible under subparagraph (2) only to the extent that they are for the minimum education required by the taxpayer's employer, or by applicable law or regulations, as a condition to the retention of the taxpayer's salary, status, or employment. Expenditures for education other than those so required may be deductible under subparagraph (1) of this paragraph if the education meets the qualifications of subparagraph (1). A taxpayer is considered to have made expenditures for education to meet the express requirements of his employer only if the requirement is imposed primarily for a bona fide business purpose of the taxpayer's employer and not primarily for the taxpayer's benefit. Except as provided in the last sentence of paragraph (b) of this section, in the case of teachers, a written statement from an authorized official or school officer to the effect that the education was required as a condition to the retention of the taxpayer's salary, status, or employment will be accepted for the purpose of meeting the requirements of this paragraph. 3. (b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. The fact that the education undertaken meets express requirements for the new position or substantial advancement in position will be an important factor indicating that the education is undertaken primarily for the purpose of obtaining such position or advancement, unless such education is required as a condition to the retention by the taxpayer of his present employment. In any event, if education is required of the taxpayer in order to meet the minimum requirements for qualification or establishment in his intended trade or business or specialty therein, the expense of such education is personal in nature and therefore is not deductible. (c) In general, a taxpayer's expenditures for travel (including travel while on sabbatical leave) as a form of education shall be considered as primarily personal in nature and therefore not deductible.↩
4. Set forth in note 3, supra. ↩
5. The deductibility of such expenses was recognized in I.T. 3380, 1940-1 C.B. 29, in which it was ruled that a teacher on sabbatical leave who was required by his employer to travel and to submit reports on the travel might deduct the expense of such travel. Such expenses were distinguished in Rev. Rul. 55-412, 1955-1 C.B. 318↩, on the basis of absence of employer's requirement that the travel be performed.
6. In permitting a teacher to deduct expenses of summer education, the Court of Appeals noted the ruling of O.D. 892, 4 C.B. 209 (1921), stating that "[the] expenses incurred by schoolteachers in attending summer school are in the nature of personal expenses incurred in advancing their education and are not deductible in computing net income." The court answered, "We think this does not, and should not, control when, as in the instant case, the attendance at summer school was undertaken essentially to enable a teacher to continue her (or his) career in her (or his) existing position." 181 F. 2d at 909↩.
7. "Geography - The science of the earth and its life; esp., the description of land, sea, air, and the distribution of plant and animal life, including man and his industries, with reference to the mutual relations of these diverse elements." Webster's New International Dictionary (2nd Ed.), p. 1048.↩
8. "It is unnecessary to consider the contention that architectural works are not works of art, for writers such as Mr. Ruskin, and all the witnesses herein, refuse to impose a limitation which would exclude the famous churches, triumphal gates, and graceful towers of Europe. The further contention that it cannot be a work of art if adapted to a useful purpose would exclude the Ghiberti doors of Florence, or the fountains of Paris and Versailles." Morris European & American Exp. Co. v. United States, 85 Fed. 964↩ at 966.