James J. Engel v. Commissioner.
Engel v. Commissioner
Docket No. 91308.
United States Tax Court
T.C. Memo 1962-244; 1962 Tax Ct. Memo LEXIS 63; 21 T.C.M. (CCH) 1302; T.C.M. (RIA) 62244; October 22, 1962
K. G. Seitz, Esq., for the petitioner. Kenneth L. Travis, Esq., for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the year 1959 in the amount of $67.80. The only issue for decision is whether petitioner is entitled to deduct amounts paid as expenses in connection with his attendance at the School of Law of Salmon P. Chase College in Cincinnati, Ohio. Findings of Fact Petitioner, a resident of Cincinnati, Ohio, filed his income tax return for the year 1959 with the district director of internal revenue at Cincinnati, Ohio. Petitioner was appointed an agent with the Internal Revenue Service in the GS-512 series on June 17, 1957, at a starting grade of GS-5 and has been employed since that date in the same capacity, *64 having received several promotions and being in grade GS-11 at the date of the trial of this case. At the time petitioner was employed as an internal revenue agent, he met the minimum requirements for such employment by reason of having obtained a B.S. degree in Business Administration from Xavier University with 35 credit hours in accounting. Two of the courses taken by petitioner in obtaining his B.S. degree in Business Administration were in business law, and two courses were in Federal tax law. The minimum requirements for qualification as an internal revenue agent have not been changed since the time of petitioner's employment. Shortly after his employment by the Internal Revenue Service, petitioner was sent to an Internal Revenue Service school and given a course entitled "Basic Revenue Agent's Training Course," which consisted of 13 weeks of classroom work of 40 hours per week. This course covered the organization and functions of the Internal Revenue Service, basic income tax law, researching Federal income tax questions, impact of the rules of evidence on audit techniques and report writing, fraud awareness, and employment, documentary stamp, and other excise taxes. After *65 completion of the 13-week training course, petitioner was given on-the-job training which was followed by an internal revenue course for advanced revenue agents which lasted for a 6-week period. Subsequent to completing the internal revenue course for advanced revenue agents, petitioner completed a 2-week Internal Revenue Service instructor's course, and while employed by the Internal Revenue Service, petitioner completed Internal Revenue Service correspondence courses in evidence and procedure and advanced business and commercial law. The training courses to which petitioner was sent by the Internal Revenue Service and the other courses offered by the Internal Revenue Service, which he took either in classroom work or by correspondence, are part of the formal training program developed by the Internal Revenue Service as the result of studies to determine the training needs of internal revenue agents in order for them to perform properly their duties. The formal training programs of the Internal Revenue Service are being reviewed continuously and are revised when this is considered necessary. There were available during the year here involved courses for revenue agents in the training *66 program of the Internal Revenue Service in addition to those which petitioner had completed. Petitioner's duties as an internal revenue agent consist of conducting field examinations of income tax returns or other audit investigations involving a general variety of tax law and accounting or investigative problems. An agent at the level of GS-512-11 would receive assignments of returns from individuals, partnerships, fiduciaries, and corporations requiring the application of usual audit and investigative procedure in the review of business activities and records to determine correct tax liability. He would also receive assignments to make other special investigations such as those pertaining to claims, offers-in-compromise, or collateral requests, and might be required to conduct investigations jointly with a special agent. He also holds conferences with taxpayers in an effort to arrive at a proper determination of the facts and application of pertinent provisions of the law and regulations and prepares informal conference reports with respect to such conferences. At times during the course of examination of income or excise tax returns, petitioner would discuss with an attorney or *67 other representative of the taxpayer whose return he was examining the legal issues in connection with the audit he was preparing. Petitioner has been assigned to examine an estate tax return, but such an assignment is not included in the normal work of a revenue agent in the GS-512 series. Estate tax revenue agents are in another classification series. On August 28, 1958, the office of the district director in which petitioner was employed dissued a circular to its employees calling attention to the publication in the Federal Register of April 5, 1958, of regulations which might permit certain educational expenses of Federal employees to be treated as deductible items on their Federal income tax returns and attached to this circular a copy of a portion of section 1.162-5, Income Tax Regs. This circular stated in part: The Internal Revenue Service has always encouraged its employees to undertake or continue educational pursuits which will better qualify them for their respective responsibilities. For this reason, the new regulations referred to above are being brought to your attention. * * * This is not a blanket approval for taking courses for *68 advancement and deducting the expenses of same from income tax returns. For instance, agents working towards the securing of a CPA or passing the bar examination would not be eligible for such tax deductions, if such courses were undertaken primarily for advancement in grade or to a better paying position. On the other hand, when courses are undertaken merely to maintain or improve the skills required in your present position, a tax deduction would be within the scope of the Regulations. For example, the expenses of Business English Courses for secretaries and Management Courses for supervisors would be deductible if the facts of each case indicate the course was undertaken for the primary purpose of increased proficiency in the present position. Soon after entering the Internal Revenue Service petitioner was encouraged to attend evening law school by another more experienced agent whose opinion petitioner highly respected, who was himself at the time enrolled in law school. This agent has since become a technical adviser in the Appellate Division of the Internal Revenue Service. The Chief of the Audit Division in the Cincinnati region, the division of the Internal Revenue Service *69 in which petitioner is employed, favors the attendance by employees in the Audit Division at night school for the purpose of self-improvement. On September 11, 1959, petitioner filed an application for admission to the School of Law of Salmon P. Chase College. In this application petitioner stated that his reason for entering law school was primarily for self-improvement, that he knew he would have many uses for his legal training but did not have any definite plans at the time. In answer to the question, "Are you interested in a law degree or are you interested in only a limited number of courses?", petitioner stated "Law degree." On September 14, 1959, petitioner commenced the study of law at the School of Law of Salmon P. Chase College in a course leading to a Bachelor of Laws degree. At the time petitioner enrolled, he attempted to take a partial course or courses less than the full curriculum at the school but was not permitted to do so. Petitioner, on November 25, 1959, filed with the Supreme Court of the State of Ohio an application for registration as a candidate for admission to the bar which had attached thereto an applicant's questionnaire filled in, in petitioner's *70 handwriting, and sworn to by petitioner on October 12, 1959. Such an application was required of every resident of the State of Ohio who commenced the study of law at a law school on or after June 1, 1934, and who planned to apply for admission to the bar of Ohio. To the question, "Do you wish to adopt the legal profession as a life work?" in this questionnaire, petitioner's reply was "Yes"; and in answer to "State in a general way the plans for your future in the legal profession:", petitioner stated, "I do not have any definite plans." At the present time there are approximately 75 internal revenue agents in the GS-512 classification located in the Cincinnati office of the Chief of Audit of the Cincinnati region, who are engaged in conducting field examinations of income and excise tax returns and claims, and, in addition, there are 6 group supervisors and branch chiefs. None of these supervisors nor the Chief of Audit of the Cincinnati region has a law degree. Three of the 75 agents have law degrees. At the time of trial, 8 of the 75 agents working out of the Cincinnati office were currently attending law school. All internal revenue agents who specialize in the examination of *71 estate tax returns and are classified under the GS series for this specialization are required to be lawyers. Petitioner expended $272 during the year 1959 for tuition and fees for his attendance at the School of Law of Salmon P. Chase College. On his income tax return he listed the subjects for which the tuition and fees were expended as contracts, torts, and criminal law. He deducted this amount of $272 on his income tax return for the year 1959 as an ordinary and necessary business expense. Respondent disallowed this claimed deduction with the explanation that the amount "is not allowable under the provisions of Section 162 of the Internal Revenue Code of 1954, as such expenses are nondeductible personal expenses." Opinion It is petitioner's position that the tuition and fees he paid to attend law school are ordinary and necessary business expenses under section 162 of the Internal Revenue Code of 1954[1] and section 1.162-5, Income Tax Regs.[2] Petitioner recognizes that he was not required by the Internal Revenue Service to attend law school in order to maintain his position as an internal revenue agent *72 or to receive regular promotions in that position. Petitioner contends that the study of law was encouraged by his superiors in the Internal Revenue Service and that the primary reason for his undertaking this education was for the purpose of maintaining or improving the skills required in his employment. *73 Petitioner not only testified in some detail as to the duties of his position, but he placed in evidence the classification requirements of an internal revenue agent "GS-512-11" in which classification he was serving at the date of the trial herein. It is clear from this classification that it is necessary for petitioner in his position to have some understanding of tax laws as well as accounting, but it was not, at the time of petitioner's employment and has not since become, a requirement of the Internal Revenue Service that a revenue agent in the classification which petitioner occupied be a lawyer or even that the Chief of Audit be a lawyer, and, in fact, the Chief of Audit in the Cincinnati region at the date of the trial of this case was not a lawyer and did not have a law degree. Petitioner on his income tax return showed the courses in which he was enrolled in the fall of 1959 as contracts, criminal law, and torts. Petitioner has shown no direct relationship between these courses and the skills he needed as an internal revenue agent, but rather it appears that he was taking these courses because of their leading to the L.L.B. degree. Petitioner stated as his opinion that *74 a knowledge of law would be helpful to him in his work, and his superiors testified to the same effect with the explanation that any additional training or education such as advanced courses in English and composition would be likewise helpful to a revenue agent in that further education, in their opinion, generally developed a more mature person, thus increasing that individual's competency in any professional occupation. However, since petitioner relies directly on the income tax regulation in claiming the deduction, it is necessary not only that he show that the education pursued would be of some general help in his work, but he must show that the primary purpose for which the education was undertaken was to increase his skills in his present position. Cf. John S. Watson, 31 T.C. 1014 (1959) and Cosimo A. Carlucci, 37 T.C. 695 (1962). Considering the evidence in this case as a whole, we feel petitioner has failed to establish that his primary purpose in pursuing his studies at the School of Law of Salmon P. Chase College was to increase his skills as a revenue agent in the GS-512 series. In reaching this conclusion we have considered the fact that petitioner *75 not only pursued the courses of training offered by the Internal Revenue Service on his assigned working time, but in addition took certain correspondence courses offered by the Internal Revenue Service, and the fact that other correspondence courses especially designed for the needs of revenue agents were available through the training program of the Internal Revenue Service to him. Where two options for qualifying to maintain a position or status or for improving his skills in his present position are open to an individual, the fact that he chooses the more expensive or time-consuming course does not control the deductibility of the expenses paid for obtaining the additional education. Cf. Hill v. Commissioner, 181 F. 2d 906 (C.A. 4, 1950), reversing 13 T.C. 291 (1949). We feel, however, that where the question is the "primary" purpose for which the course of study is pursued, the courses pursued give a good indication of such purpose. This is particularly true when one course of study will lead to the minimum qualifications for a new and different profession and the other will not. Further indications of petitioner's primary purpose for the expenditures *76 for his further education in 1959 are his stated purpose upon enrolling in law school of obtaining a law degree and pursuing the profession of law as his life's occupation. Considering all these facts we are convinced that petitioner's primary purpose in the educational pursuit for which he expended $272 in 1959 was to qualify himself for a different profession and that the increase in skills which this education would bring in his present employment was only incidental to this primary purpose. We are not persuaded to any different view by the fact that at the time of commencing his study for his law degree petitioner stated that at the present time he had no definite plans or by petitioner's statement that he was still employed by the Internal Revenue Service and had no plans for changing his employment. The evidence here shows that there are other positions in the Internal Revenue Service such as estate tax revenue agent which require that the employee be a lawyer and it is a matter of public knowledge that there are numerous other positions within the Internal Revenue Service with a similar requirement. Therefore, the fact that petitioner might have intended to remain in the employ *77 of the Internal Revenue Service upon receiving his L.L.B. degree and being admitted to the bar of the State of Ohio, even if established, would not control the deductibility of the expenditures for receiving his legal education under section 1.162-5, Income Tax Regs., since his intention might well be to remain with the Internal Revenue Service in a different capacity for which he would become qualified by obtaining a L.L.B. degree. Cf. Sandt. v. Commissioner, 303 F. 2d 111 (C.A. 3, 1962), affirming Memorandum Opinions of this Court. Decision will be entered for respondent. Footnotes
1. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - ↩
2. Sec. 1.162-5 Expenses for education. (a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of: (1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, or (2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment. Whether or not education is of the type referred to in subparagraph (1) of this paragraph shall be determined upon the basis of all the facts of each case. If it is customary for other established members of the taxpayer's trade or business to undertake such education, the taxpayer will ordinarily be considered to have undertaken this education for the purposes described in subparagraph (1) of this paragraph. Expenditures for education of the type described in subparagraph (2) of this paragraph are deductible under subparagraph (2) only to the extent that they are for the minimum education required by the taxpayer's employer, or by applicable law or regulations, as a condition to the retention of the taxpayer's salary, status, or employment. Expenditures for education other than those so required may be deductible under subparagraph (1) of this paragraph if the education meets the qualifications of subparagraph (1) of this paragraph. A taxpayer is considered to have made expenditures for education to meet the express requirements of his employer only if the requirement is imposed primarily for a bona fide business purpose of the taxpayer's employer and not primarily for the taxpayer's benefit. Except as provided in the last sentence of paragraph (b) of this section, in the case of teachers, a written statement from an authorized official or school officer to the effect that the education was required as a condition to the retention of the taxpayer's salary, status, or employment will be accepted for the purpose of meeting the requirements of this paragraph. (b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. The fact that the education undertaken meets express requirements for the new position or substantial advancement in position will be an important factor indicating that the education is undertaken primarily for the purpose of obtaining such position or advancement, unless such education is required as a condition to the retention by the taxpayer of his present employment. In any event, if education is required of the taxpayer in order to meet the minimum requirements for qualification or establishment in his intended trade or business or specialty therein, the expense of such education is personal in nature and therefore is not deductible.↩