Bernd W. Sandt and Nancy T. Sandt v. Commissioner.
Sandt v. Commissioner
Docket No. 85017.
United States Tax Court
T.C. Memo 1961-181; 1961 Tax Ct. Memo LEXIS 172; 20 T.C.M. (CCH) 913; T.C.M. (RIA) 61181; June 16, 1961
*172 In 1952 petitioner was employed by DuPont as a research chemist. In 1954 he was informed of an opening at DuPont as a patent chemist. He was informed that if he accepted the position as patent chemist he would be required to enroll in a law school, at his own expense, for the purpose of obtaining a law degree, and that if he refused to go to law school he would not be given the position of patent chemist. Petitioner agreed to enroll and was then given the position of patent chemist. He enrolled in September 1954, graduated in June 1958, took the bar in December 1958 and passed the bar in March 1959. After being notified that he had passed the bar petitioner was promoted by DuPont to the position of patent attorney at a substantial increase in salary. Held, the educational expenses incurred and paid by petitioner in 1957 are personal expenses and not deductible from gross income under section 162(a), I.R.C. 1954. Joseph T. Booth, III, 35 T.C. 1144 (Mar. 31, 1961), followed. Bernd W. Sandt, Esq., pro se, 8 Hillcroft Road, Newark, Del. Arnold E. Kaufman, Esq., for the respondent. ARUNDELL
Memorandum *173 Findings of Fact and Opinion ARUNDELL, Judge: Respondent determined a deficiency in income tax for the calendar year 1957 of $41.76. The only issue to be decided is whether certain expenses incurred and paid by petitioner Bernd W. Sandt during 1957 in connection with his attending law school are deductible under section 162(a), I.R.C. 1954, as interpreted by section 1.162-5 of the Regulations published as T.D. 6291, 1958-1 C.B. 63, 67. Findings of Fact The stipulated facts are so found and are incorporated herein by this reference. Petitioners Bernd *174 W. Sandt (hereinafter sometimes referred to as petitioner) and Nancy T. Sandt are husband and wife and reside in Newark, Delaware. During 1957 they lived in Wilmington, Delaware. Petitioners filed their joint income tax return for the calendar year 1957 with the district director of internal revenue at Wilmington. In July 1952, after having received a Master's degree in organic chemistry from Stanford University, petitioner was employed by E. I. DuPont de Nemours & Co. (hereinafter sometimes referred to as DuPont) as a research chemist at the DuPont Laboratories in Wilmington in the polychemicals department. He was so employed until May 1954. Petitioner's duties as a research chemist were to carry out assignments given to him in chemical research, physical research, and mechanical research. The duties did not involve any legal work. Petitioner's salary as a research chemist was somewhere between $425 and $450 a month. In April 1954 petitioner was informed of an opening in the patents and contracts division of the polychemicals department for a position as a patent chemist. Allen R. Plumley, the manager of the patents and contracts division, informed petitioner that if he accepted *175 the position as patent chemist, he would be required to enroll in a law school, at his own expense, for the purpose of obtaining a law degree. Plumley also informed petitioner that if he refused to go to law school he would not be given the position of patent chemist in the patents and contracts division of the polychemicals department. Petitioner's refusal to attend law school would not, however, have jeopardized his position with DuPont as a research chemist. The requirement that patent chemists must go to law school did not apply to the job requirements of a patent chemist at DuPont generally but applied only to the patents and contracts division of the polychemicals department. Prior to accepting the position as patent chemist, petitioner agreed to attend law school at his own expense. On May 1, 1954, petitioner was given the position of patent chemist in the patents and contracts division of DuPont, in which capacity he was so employed during the entire year 1957 and until March 1959. The duties of a patent chemist differed from those of a research chemist in that a research chemist would work at the laboratory bench, or in a library, whereas the patent chemist would be more *176 concerned with the filing and prosecution of patent applications. In order to represent an inventor before the Patent Office, it is not necessary that the representative be a patent attorney. The change of position from research chemist to patent chemist did not include any increase in pay for petitioner at the time of the transfer. In September 1954 petitioner enrolled in the evening session of Temple University Law School, Philadelphia, Pennsylvania, where he was a candidate for the Bachelor of Laws degree. He continued his studies there in the evening until he graduated and received his degree on June 12, 1958. Prior to September 1954, petitioner had had no previous legal training. Petitioner took the District of Columbia bar examination in December 1958. In March 1959, he was advised that he had successfully passed the examination and, on April 24, 1959, he was admitted to the bar of the District of Columbia. After a patent chemist of the polychemicals department of DuPont is admitted to the bar, and if his services are satisfactory, he is reclassified to a higher position as patent attorney of the polychemicals department. In March 1959, after petitioner had been advised that *177 he had passed the bar, he was promoted by DuPont to the position of patent attorney at a salary of approximately $750 to $800 per month. During the year 1957 petitioner incurred and paid expenses of $833.50 in connection with his attendance at Temple University Law School. On page 2 of their joint return for 1957, petitioners claimed itemized deductions of $1,160.61, which included "Business Expenses not reimbused - schooling expenses required to maintain job $833.50." The respondent disallowed the (a) itemized deductions claimed of $1,160.61, and in lieu thereof allowed the (b) standard deduction of $1,000 and, in a statement attached to the deficiency notice, he explained the said adjustments as follows: (a) and (b). The amount of $833.50, claimed in your return for the year 1957 as expenses of education, represents personal expenses and, therefore, is not deductible under Section 262 of the Internal Revenue Code of 1954. In the recomputation of your 1957 income tax liability, the $1,000.00 optional standard deduction has been allowed in lieu of the $1,160.61 of itemized deductions, which amount includes the expense of education of $833.50. Opinion
*178 Petitioner contends that his expenses of $833.50 incurred and paid by him during the year 1957 in connection with his law school studies are ordinary and necessary trade or business expenses deductible under section 162(a), I.R.C. 1954, as interpreted by section 1.162-5 of the Regulations published as T.D. 6291, 1958-1 C.B. 63, 67. [1] Respondent contends that the expenditures are "personal" and, therefore, under section 262, I.R.C. 1954, [2] they are not deductible. *179 The deductibility of the expenditures in quextion depends, as the case is presented, on whether they were incurred primarily for the purposes set out in (1) or (2) of paragraph (a) of section 1.162-5 of the Regulations, as petitioner contends, or whether they were incurred primarily for the purposes set out in paragraph (b) of the said Regulations, as respondent contends. Relying on subparagraph (1) of paragraph (a) of section 1.162-5 petitioner argues that the requirement to attend law school was not undertaken primarily in order to become a lawyer but for the purpose of increasing his skill as a patent chemist and in order to retain his position as a patent chemist. We do not agree with this argument. The evidence establishes to our satisfaction that the legal education was undertaken primarily to obtain rather than retain petitioner's position as patent chemist. It is clear petitioner would not have been given the position of patent chemist if he had not first agreed to go to law school. Furthermore, it was the custom of DuPont, upon the successful completion of a law course, followed by admission to the bar, to promote its employees to the position of patent attorney, assuming, *180 of course, his services were satisfactory. We think such evidence shows that the education in question was undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer and that under paragraphs (b) and (e), example (7) [3] of section 1.162-5 the expenditures are not deductible. Since in our opinion the education was undertaken primarily to obtain rather than retain a position, petitioner does not come within the provisions of subparagraph (2) of paragraph (a) of section 1.162-5. In the recent case of Joseph T. Booth, III, 35 T.C. - (Mar. 31, 1961), both parties relied on the same *181 provisions of the same Regulations as do the parties in the instant case. In the Booth case, Booth, who had been admitted to the bar in 1954, accepted the position of assistant legal advisor to the Governor of Alabama in 1955. In 1957, while so employed, he and two other lawyers agreed to form a partnership. Booth agreed that he would attend New York University to take courses in the law of taxation. He then resigned his position with the Governor, attended the University, and became a member of the law partnership. We held that the amounts expended for education were undertaken primarily for the purpose of obtaining a new position and as such were not deductible. We hold to the same effect in the instant case. Cf. Knut F. Larson, 15 T.C. 956; Robert M. Kamins, 25 T.C. 1238; Arnold Namrow, 33 T.C. 419, affd., 288 F. 2d 648 (C.A. 4, Mar. 27, 1961); Rev. Rul. 60-97, 1960-1 C.B. 69. The case of Marlor v. Commissioner, 251 F. 2d 615 (C.A. 2, 1958), reversing 27 T.C. 624, strongly relied upon by petitioner, is clearly distinguishable from the facts in the instant case. In the Marlor case the taxpayer *182 incurred educational expenses to retain his position as tutor rather than to obtain such position. We, therefore, sustain the respondent's determination. Decision will be entered for the respondent. Footnotes
1. § 1.162-5 Expenses for Education. - (a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of: (1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, or (2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment. Whether or not education is of the type referred to in subparagraph (1) of this paragraph shall be determined upon the basis of all the facts of each case. * * * A taxpayer is considered to have made expenditures for education to meet the express requirements of his employer only if the requirement is imposed primarily for a bona fide business purpose of the taxpayer's employer and not primarily for the taxpayer's benefit. * * * (b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. The fact that the education undertaken meets express requirements for the new position or substantial advancement in position will be an important factor indicating that the education is undertaken primarily for the purpose of obtaining such position or advancement, unless such education is required as a condition to the retention by the taxpayer of his present employment. In any event, if education is required of the taxpayer in order to meet the minimum requirements for qualification or establishment in his intended trade or business or specialty therein, the expense of such education is personal in nature and therefore is not deductible. * * *
(e) The provisions of this section may be illustrated by the following examples: * * *↩
2. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩
3. Example (7). - G, a graduate student at a university, plans to become a university professor. In order to qualify as a regular faculty member, G must obtain a graduate degree. While taking the required graduate courses, G is engaged in teaching at the university. G's expenses therefor are not deductible since he has not completed the education required to become qualified as a regular faculty member at the time he takes such courses.↩