Louis Aronin and Geraldine Aronin v. Commissioner.
Aronin v. Commissioner
Docket No. 85511.
United States Tax Court
T.C. Memo 1961-180; 1961 Tax Ct. Memo LEXIS 171; 20 T.C.M. (CCH) 909; T.C.M. (RIA) 61180; June 16, 1961
*171 In 1948 petitioner accepted a position with the National Labor Relations Board as a field examiner. In 1953 petitioner was classified as a labor management relations examiner, GS-12, which position he continued to hold throughout the taxable year 1958. The National Labor Relations Board, up to the time of the hearing herein, did not require any previous legal training for these positions. In 1957 petitioner voluntarily enrolled as a night student in the University of Baltimore Law School where he continued his law studies until he obtained a Bachelor of Laws degree on June 9, 1960. On October 21, 1960, he was admitted to the Maryland bar. On December 23, 1960, petitioner was promoted to Grade GS-13. Held, the educational expenses incurred and paid by petitioner in 1958 are personal expenses and are not deductible from gross income under section 162(a), I.R.C. 1954. Louis Aronin, Esq., pro se, 6815 Alter St., Baltimore, Md., Arnold E. Kaufman, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: Respondent determined a deficiency in income tax for the calendar year 1958 of $78.65. Petitioners in their return claim an overpayment of income tax *172 withheld of $230.05. The only issue to be decided is whether certain expenses incurred and paid by petitioner Louis Aronin during 1958 in connection with his attending law school are deductible under section 162, I.R.C. of 1954, as interpreted by section 1.162-5 of the Regulations published as T.D. 6291, 1958-1 C.B. 63, 67. Findings of Fact The stipulated facts are so found and are incorporated herein by this reference. Petitioners Louis Aronin (hereinafter sometimes referred to as petitioner) and Geraldine Aronin are husband and wife and reside in Baltimore, Maryland. Petitioners filed their joint income tax return for the calendar year 1958 with the district director of internal revenue at Baltimore. On January 19, 1948, after having received a Bachelor of Arts degree in liberal arts, petitioner was employed by the National Labor Relations Board (hereinafter sometimes referred to as NLRB) as a field examiner. He was so employed until January 18, 1953, when he was classified as a labor management relations examiner, GS-12. His classification as a labor management relations examiner (sometimes referred to herein also as field examiner) remained unchanged during the entire taxable *173 year 1958. The NLRB, during the taxable year 1958, did not require petitioner to have any previous legal training, nor was petitioner during the year 1958 required by the NLRB to pursue a legal course of study in order to maintain his position with the NLRB. Up to the time of the hearing herein, the NLRB has never changed its policy in this regard. The duties of a field examiner require a knowledge of the National Labor Relations Act and its amendments. More specifically, such duties included investigation of unfair labor practice complaints. Such investigation included the examining of documents, obtaining written statements, interviewing of witnesses, and making recommendations as to whether formal charges should be preferred. Petitioner also conducted elections and investigated objections to elections arising in unions. Petitioner was required to act as hearing officer when designated to do so by the regional director. The report of the hearing officer did not contain any recommendations as to action to be taken. Petitioner's duties did not require him to prepare any legal documents or pleadings to be used in a court proceeding. Nor was the petitioner required to appear in or argue *174 any adversary type proceedings. These latter functions are performed by attorneys employed by the NLRB. In September 1957 petitioner voluntarily enrolled as a night student in the University of Baltimore Law School where he was a candidate for the Bachelor of Laws degree. Prior to his enrolling in the University of Baltimore Law School, petitioner had no previous formal legal education or training. Throughout the calendar year 1958, petitioner was in attendance at the University of Baltimore Law School, taking the normal curriculum leading to a Bachelor of Laws degree. Petitioner obtained his Bachelor of Laws degree from that school on June 9, 1960, and was admitted to the Maryland bar on October 21, 1960. Petitioner took 72 credit hours of schooling while he was in attendance at the University of Baltimore Law School from September 1957 to June 1960. Of this amount, one hour represented the total time devoted to the study of labor law. Petitioner received a promotion on December 23, 1960, from a GS-12 to a GS-13. During 1958 petitioner incurred and paid expenses of $220 for tuition, $40 for registration fees, and $85 for books, supplies, and typing, or a total of $345, in connection *175 with his attendance at the University of Baltimore Law School. On page 2 of their joint return for 1958, petitioners claimed itemized deductions of $1,619.06 which included "Education - (see attached sheet) $357.50." On the attached sheet petitioner stated: I am attending law school at the University of Baltimore, Baltimore, Md., in order to improve my ability to perform my job of Labor Management Relations Examiner which involves the interpretation & administration of a Federal Act and legal interpretations of said law. It is anticipated that the agency may in the near future require a Law Degree to keep my job with the agency. Tuition 1958
$220.00
Books & supplies
80.00
Typing for Practice Court
5.00
Registration fees
40.00
Ginsberg's Pre-bar review
12.50 *
Total
357.50
Respondent disallowed the claimed expenses for education in the amount of $357.50 and, in a statement attached to the deficiency notice, explained the disallowance as follows: (a) The claimed deduction for educational expenses incurred by Louis Aronin is *176 disallowed for the reason that the expenses were for education undertaken primarily for the personal purpose of fulfilling his general educational aspirations and meeting the minimum requirements for qualification or establishment in the legal profession, or other personal purposes, and are, therefore, not deductible. This deduction is also disallowed because you have failed to establish that it constitutes an ordinary and necessary business expense. Opinion Petitioner contends that his expenses of $345 incurred and paid by him during the year 1958 in connection with his law school studies are ordinary and necessary trade or business expenses deductible under section 162(a), I.R.C. 1954. Respondent contends that the expenditures are "personal" and, therefore, under section 262, I.R.C. 1954, they are not deductible. Both parties rely on certain portions of respondent's regulations on "Expenses for Education," section 1.162-5, published as T.D. 6291, 1958-1 C.B. 63, 67. [1] *177 *178 Petitioner relies on paragraph (a) of section 1.162-5 and respondent relies on paragraph (b) thereof, and also on some of the examples given in paragraph (e) of section 1.162-5. It is our opinion that the expenditures in question are personal in nature and are not deductible. The expenditures were not undertaken primarily for the purpose of maintaining or improving skills required by petitioner in his employment, or in meeting the express requirements of the NLRB "imposed as a condition to the retention by the taxpayer of his salary, status or employment." No such requirements were imposed *179 upon petitioner, and the parties have so stipulated in the following words: The National Labor Relations Board during the taxable year 1958 did not require the petitioner, who was then classified as a Labor Management Relations Examiner, to have any previous legal training, nor was the petitioner during the year 1958 required by the National Labor Relations Board to pursue a legal course of study in order to maintain that position with the National Labor Relations Board. In view of this stipulation, it would seem that the most favorable aspect we could take of petitioner's contention would be that he undertook the course of study under the apprehension that at some future date the NLRB might require a legal education as a condition for holding the position petitioner then held. This, however, would not entitle petitioner to a deduction under paragraph (a) of section 1.162-5. Up to the time of the hearing, no such requirement had ever been made by the NLRB. Petitioner was a field examiner and presumably, after 9 years at his job, he was skilled in the work of a field examiner. He was not skilled in the field of law within the meaning of the regulation. Prior to his entering the University *180 of Baltimore Law School, he had no previous formal legal education. In attending a law school over a period of 3 years, petitioner acquired a new specialty, a new skill. The regulation expressly denies a deduction for the cost of specializing. See section 1.162-5(e), example (2). [2] *181 The regulation allows the deduction of educational expenses incurred in attending a refresher course of a short duration to improve a skill already possessed by the taxpayer, but in this case where petitioner undertakes a complete basic course in law covering a period of 3 years' intensified study and leading to a Bachelor of Laws degree, and where he has had no previous formal legal education, the legal education undertaken by him was primarily for the purpose of acquiring a new skill rather than sharpening of a skill already possessed. A case very similar to the one here in question is Arnold Namrow, 33 T.C. 419, affd. 288 F. 2d 648 (C.A. 4, Mar. 27, 1961). In that case the taxpayer was a doctor of medicine and a psychiatrist. The taxpayer in that case entered the Washington Psychoanalytic Institute for the purpose of receiving training in the art of psychoanalysis His studies. covered a period of 7 years. The taxpayer deducted his expenses incurred while connected with the institute as ordinary and necessary business expenses. His contention was that the expenses were incurred to improve his skills as a psychiatrist. In denying the deduction, we said (pp. 430-431): Since the expenditures were all for instruction in the practice of psychoanalysis, at psychoanalytic institutes, and, since petitioners are arguing the instruction was merely to improve their skills, it is vital to their argument that they possessed skill in the technique of psychoanalysis, *182 before enrolling in the institutes. * * * It is certain the petitioners had not, before enrollment in the institute, established themselves as qualified to employ the theory and practice of psychoanalysis, as that term is meant generally amongst doctors * * *. We think it clear that the theory and practice of psychoanalysis, as recognized in the medical profession, was a skill they did not have when they completed medical school and their 2 years of residency. The only conclusion to be drawn from the record is that, in attendance at the institute, they were acquiring a new skill, not improving or sharpening up one they already possessed. * * * The facts in the instant case are very similar. The petitioner, a field examiner for 9 years, enrolled in law school for the purpose of receiving training in the art of law and to receive a degree. The theory and practice of law is a skill, one the petitioner did not have prior to his entering law school. His studies would and did cover a period of 3 years. Petitioner contends that the education improved his skills as a field examiner. The only conclusion, in our opinion, is that the petitioner, by going to law school, acquired a new skill *183 and did not improve or sharpen one he already possessed. Under paragraph (b) of section 1.162-5, expenditures for education are not deductible if they are undertaken primarily for the purpose of fulfilling the general aspirations or other personal purposes of the taxpayer. This we think petitioner was doing when he enrolled for a 3-year course in law leading to a Bachelor of Laws degree without any express request to do so by his employer. We hold petitioner is not entitled to any deduction under section 162(a), I.R.C. 1954, in 1958 for educational expenses. The expenditures incurred and paid by petitioner were "personal" in nature and are, therefore, nondeductible under section 262, I.R.C. 1954. Arnold Namrow, supra. Cf. Knut F. Larson, 15 T.C. 956; Robert M. Kamins, 25 T.C. 1238; Joseph T. Booth, III, 35 T.C. 1144 (Mar. 31, 1961); Rev. Rul. 60-97, 1960-1 C.B. 69, 73, 78, example (10). Because of petitioners' claim for overpayment of a part of the income tax withheld, a part of which is conceded by the respondent in the statement attached to the deficiency notice, the Decision will be entered under Rule 50. Footnotes
*. Note: Petitioner now concedes that he is not entitled to deduct the amount of $12.50 for the pre-bar review for the reason that the amount was paid in 1959 instead of 1958.↩
1. § 1.162-5 Expenses for Education. - (a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of: (1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, or (2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment. Whether or not education is of the type referred to in subparagraph (1) of this paragraph shall be determined upon the basis of all the facts of each case. * * * A taxpayer is considered to have made expenditures for education to meet the express requirements of his employer only if the requirement is imposed primarily for a bona fide business purpose of the taxpayer's employer and not primarily for the taxpayer's benefit. * * * (b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. The fact that the education undertaken meets express requirements for the new position or substantial advancement in position will be an important factor indicating that the education is undertaken primarily for the purpose of obtaining such position or advancement, unless such education is required as a condition to the retention by the taxpayer of his present employment. In any event, if education is required of the taxpayer in order to meet the minimum requirements for qualification or establishment in his intended trade or business or specialty therein, the expense of such education is personal in nature and therefore is not deductible. * * *
(e) The provisions of this section may be illustrated by the following examples: * * *↩
2. Example (2). - B, a general practitioner of medicine, takes a course of study in order to become a specialist in pediatrics. C, a general practitioner of medicine, [takes] a 2-week course reviewing developments in several specialized fields, including pediatrics, for the purpose of carrying on his general practice. B's expenses are not deductible because the course of study qualified him for a specialty within his trade or business. C's expenses for his education and any transportation, meals, and lodging while away from home are deductible because they were undertaken primarily to improve skills required by him in his trade or business.