Robert H. Montgomery v. Commissioner.
Montgomery v. Commissioner
Docket No. 1955-62.
United States Tax Court
T.C. Memo 1964-101; 1964 Tax Ct. Memo LEXIS 233; 23 T.C.M. (CCH) 599; T.C.M. (RIA) 64101; April 21, 1964
*233 Held, that petitioner who was a Graduate Electrical Engineer employed as a Patent Searcher is not entitled to deduct for income tax purposes certain expenses which he incurred during the taxable year in attending a University Law School and pursuing a course of law studies leading to a Bachelor of Law degree. Robert H. Montgomery, pro se, 3 Bruce Lane, Wallingford, Conn. Stephen M. Miller, for the respondent. PIERCE Memorandum Findings of Fact and Opinion PIERCE, Judge: The Commissioner determined a deficiency in the petitioner's income tax for the taxable calendar year 1957 in the amount of $119.73. The sole issue is whether the petitioner, who was a Graduate Electrical Engineer employed by a corporation as a Patent Searcher, *234 is entitled to deduct for income tax purposes, certain expenses which he incurred during the taxable year in attending a University Law School and pursuing a course of law studies leading to a Bachelor of Law degree. Findings of Fact Some of the facts have been stipulated. The stipulation of facts and the exhibit identified therein are incorporated herein by reference. Petitioner Robert H. Montgomery is presently a resident of Wallingford, Connecticut. His income tax return for the taxable year involved was filed with the district director of internal revenue at Baltimore, Maryland. Petitioner graduated from George Washington University in 1954 with a degree of Bachelor of Electrical Engineering. From June to August 1954, he was employed by the Southern Railway as an Engineer-in-Training. And thereafter until May 1956, he was in the military service of the United States. On June 8, 1955, while petitioner was still in military service, he filed an application with George Washington University for admission to its Law School, commencing about a year later in June 1956. He indicated in this application that he desired to become a candidate for the degree of Bachelor of Law. *235 His application for admission was approved by said University on June 30, 1955. About a year later in June 1956, after petitioner had been released from military service, he applied for and obtained employment as a "Patent Engineer," also known as a "Patent Searcher,' in the Patent Operation Office of the General Electric Corporation located in Washington, D.C. He thereafter continued to be employed in this position until 1959, which period included the taxable period here involved. Petitioner's duties in his employment as such Patent Searcher were principally as follows: To perform "novelty patent searches" in the United States Patent Office, pursuant to requests submitted by attorneys employed in General Electric's other operating components. The purpose of these novelty searches was to determine whether a present or prospective product of General Electric might infringe existing patents that were adversely held. To perform also "validity searches." The purpose of these was to determine the validity of adversely held patents. To engage, when requested, in other activities incident to: Preparation of patent applications, and amendments to pending patent applications, of *236 General Electric; furtherance of the prosecution of patent applications of said company; and preparation of appeals to the Patent Office Board of Appeals from rejections of applications. In the petition which petitioner filed with this Court, he represented that the "minimum requirement" for employment as a Patent Searcher was that he be a graduate engineer; and petitioner met this minimum requirement by reason of his holding a degree of Bachelor of Electrical Engineering. Petitioner also conceded in his petition to this Court that the work which he performed as a Patent Searcher for General Electric did not require, as a practical matter, attendance at law school or the holding of a law degree, but did require knowledge of technical subject matter and of United States Patent Office procedure. It is not necessary for a person to be a lawyer in order to represent an inventor before the United States Patent Office. That Office annually provides examinations whereby non-lawyers may qualify for practice before it as "Patent Agents"; and it also has other arrangements whereby a person who has been admitted to the Bar as an attorney at law, may be registered with it as a "Patent Attorney. *237 " In 1958, petitioner while employed as a Patent Searcher for General Electric took the Patent Office examination and was admitted to practice before that Office as a "Patent Agent." The General Electric Corporation employed about 20 or 25 Patent Searchers in its Washington Patent Operation; and all of these were graduate engineers. Also, in the corporation's various component divisions, it employed Patent Attorneys who had been admitted to the Bar and were qualified to handle legal problems. The corporation's usual practice in employing applicants for positions as Patent Searchers was to have them agree that, if they were accepted for such position, they would enroll and thereafter continue the study of law in an accredited evening law school, at their own expense, for the purpose of obtaining a law degree and being admitted to the Bar. Also, after a Patent Searcher had successfully completed his law school studies and had obtained admission to the Bar, the corporation usually offered him a position with one of its component divisions as a Patent Attorney; but it was not obligated to make such offer, and also the Patent Searcher was not obligated to accept such position if it were *238 offered to him. Petitioner, at the time he was employed by General Electric as a Patent Searcher, understood that he would be subject to this arrangement, and he agreed to comply therewith. As heretofore found, petitioner had applied and been accepted for admission to the Law School of George Washington University, about a year prior to the time he was employed by General Electric as a Patent Searcher. In June 1956, he enrolled in that Law School; and he continued to be a law student therein until June 1959, when he graduated. The law course which he there pursued was the regular curriculum for law students generally. Out of a total of 80 credit hours earned during 3 years including 3 summer sessions he received during his second year (1957-1958) 2 hours credit in a course entitled "Patent Office Practice"; and he received during his last year (1958-1959) another 2 hours credit in a course entitled "Patent Law I" and 4 hours credit in a course entitled "Patent Trial Practice Court." Following petitioner's graduation from Law School in 1959, he filed an application for admission to the Bar of the United States District Court for the District of Columbia. He thereafter took the Bar *239 examination in June 1959, and again in December 1959; and after passing the second examination he was admitted to practice before said court on April 25, 1960. In his application for admission he stated, in reply to a question regarding his future plans, that he hoped within several years to engage in practice of patent law. At about this same time, General Electric Corporation offered petitioner a new position as a Patent Attorney, in its Motor and Generator Division in Erie, Pennsylvania. Petitioner accepted this position, and continued to be so employed until June 1962. At that time, he took the Bar examination for the State of Connecticut; and he was admitted to the Bar of that state in August 1962. He now is engaged in the private practice of law in Connecticut. During the time that petitioner was studying law at the Law School of George Washington University, he received payments from the Veterans Administration, under Public Law 550, to defray his cost of subsistence as a law student. General Electric did not reimburse him for any of his law school expenses. In his income tax return for 1957, petitioner claimed a deduction for the amounts that he had expended during said *240 year for tuition and books as a student in the Law School. The Commissioner, in his notice of deficiency herein, determined that these expenses were not deductible. Opinion Petitioner contends that the expenses for tuition and books which he incurred and paid during the year 1957 in connection with his law school studies, are ordinary and necessary trade or business expenses deductible under section 162(a) of the Internal Revenue Code of 1954, as interpreted by section 1.162-5 of the Income Tax Regulations.[1]
*241 The deductibility of said expenditures depends upon the facts established in the particular case, and on whether such expenditures were incurred primarily for the purposes set out in paragraph (1) or paragraph (2) of said regulations. Among the several provisions of these regulations are the following which we regard to be here pertinent: A taxpayer is considered to have made expenditures for education to meet the express requirements of his employer only if the requirement is imposed * * * not primarily for the taxpayer's benefit. * * * (b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. * * * In any event, if education is required of the taxpayer in order to meet the minimum requirements for qualification or establishment in his intended trade or business or specialty therein, the expense of such education is personal in nature and therefore is not deductible. In the instant case, the evidence establishes *242 to our satisfaction that the legal education was undertaken and continued by petitioner primarily: (1) "[For] the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer"; (2) "for the purpose of obtaining a new position"; and (3) "in order to meet the minimum requirements for qualification or establishment in his intended * * * specialty." The evidence establishes that while petitioner was still in military service and approximately 1 year prior to the time when he applied for a position with the General Electric Corporation, he made application to the Law School of George Washington University for enrollment therein as a candidate for a degree of Bachelor of Laws, commencing in June 1956; and his application was granted by that University. Thus it is clear to us that, even before he was employed by General Electric, his general educational aspiration was to attain the qualifications of a lawyer. The evidence also is clear that petitioner could not have obtained the position with General Electric if he had not first agreed to enroll in law school and continue his studies therein during the course of his employment. And having accepted *243 that employment on such condition, he was honor-bound to fulfill that obligation. Moreover such fulfillment was primarily for his own benefit, for upon completion of his law school studies the corporation had no obligation to offer him a new position as a Patent Attorney; and also he was free to decline any such offer, and to engage in the private practice of law, if he so desired. Finally, at the time petitioner obtained his employment at a Patent Searcher for General Electric, he already was a graduate Electrical Engineer - and thus fully met the "minimum requirement" of that position. Yet he still had the general educational aspirations to advance further by acquiring additional skills and qualifications in a new "intended * * * specialty" of becoming an attorney at law. As stated in the above-quoted provision of the regulations, "the expense of such education is personal in nature and therefore is not deductible." In the recent case of Sandt v. Commissioner, 303 F. 2d 111, the Court of Appeals for the Third Circuit, affirmed in a single opinion, two Memorandum Opinions of this Court in which the facts were strikingly similar to the facts in the instant case. There, *244 as pointed out by the Court of Appeals, two taxpayers named Sandt and Hines obtained positions as Patent Chemists with E. I. duPont de Nemours & Company; and they agreed as a condition to their being permitted to accept said positions, that they would obtain a legal education. The Court of Appeals affirmed the decisions of this Court that the expenses of these taxpayers in attending law school in 1957, which followed their initial employment, were not deductible. See also in this connection the recent case of Joseph T. Booth, III, 35 T.C. 1144. There the taxpayer who was a lawyer entered into an agreement with two other lawyers to form a law partnership; and by mutual agreement of the members of the new firm he was chosen to attend the Law School of New York University to pursue courses in Federal taxation, so that he might become qualified to practice as a member of the firm in this new specialty for which he was not previously qualified. This Court held that expenses which the taxpayer thereafter incurred in attending law school were not deductible since he already had met the minimum requirements for the practice of law, and the new education was undertaken primarily *245 to acquire skills in a new specialty. See also the following other cases in which expenses of acquiring skills in a new specialty or profession were held not to be deductible as ordinary and necessary expenses of an existing business or employment for which such skills were not a minimum requirement: Knut F. Larson, 15 T.C. 956 (studying for degree of Bachelor of Administrative Engineering); Robert M. Kamins, 25 T.C. 1238 (studying for doctorate degree in economics); Arnold Namrow, 33 T.C. 419, affd. 288 F. 2d 648 (C.A. 4), (specialized course in psychoanalysis). We sustain the Commissioner's determination in this case. Decision will be entered for the respondent. Footnotes
1. § 1.162-5. Expenses for education. - (a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of: (1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, or (2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment. Whether or not education is of the type referred to in subparagraph (1) of this paragraph shall be determined upon the basis of all the facts of each case. If it is customary for other established members of the taxpayer's trade or business to undertake such education, the taxpayer will ordinarily be considered to have undertaken this education for the purpose described in subparagraph (1) of this paragraph. Expenditures for education of the type described in subparagraph (2) of this paragraph are deductible under subparagraph (2) only to the extent that they are for the minimum education required by the taxpayer's employer, or by applicable law or regulations, as a condition to the retention of the taxpayer's salary, status, or employment. Expenditures for education other than those so required may be deductible under subparagraph (1) of this paragraph if the education meets the qualifications under subparagraph (1). A taxpayer is considered to have made expenditures for education to meet the express requirements of his employer only if the requirement is imposed primarily for a bona fide business purpose of the taxpayer's employer and not primarily for the taxpayer's benefit. Except as provided in the last sentence of paragraph (b) of this section, in the case of teachers, a written statement from an authorized official or school officer to the effect that the education was required as a condition to the retention of the taxpayer's salary, status, or employment will be accepted for the purpose of meeting the requirements of this paragraph. (b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. The fact that the education undertaken meets express requirements for the new position or substantial advancement in position will be an important factor indicating that the education is undertaken primarily for the purpose of obtaining such position or advancement, unless such education is required as a condition to the retention by the taxpayer of his present employment. In any event, if education is required of the taxpayer in order to meet the minimum requirements for qualification or establishment in his intended trade or business or specialty therein, the expense of such education is personal in nature and therefore is not deductible.↩