John P. Samford and Carolyn Gail Samford v. Commissioner.
Samford v. Commissioner
Docket No. 633-69 SC.
United States Tax Court
T.C. Memo 1970-258; 1970 Tax Ct. Memo LEXIS 100; 29 T.C.M. (CCH) 1143; T.C.M. (RIA) 70258; September 9, 1970, Filed John P. Samford, pro se, 3424 Jackson Dr., Decatur, Ga., David S. Meisel, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The Commissioner determined a deficiency in the income tax of petitioners for the taxable year 1967 in the amount of $202.14. Although respondent has made other adjustments in petitioners' return, the only issue raised by the pleadings is whether he has erred in denying a deduction taken by petitioners for educational expenses paid by them during 1967. Findings of Fact The stipulated facts are found accordingly. Petitioners are husband and wife who, at the time of the filing of their joint 1967 income tax return, resided at Decatur, Georgia, and were residents of that State when the petition herein was filed. The return was filed with the district director *101 of internal revenue at Atlanta, Georgia. 1144 After a tour of duty with the United States Air Force, on April 17, 1966, petitioner John P. Samford (hereinafter referred to as petitioner) was employed by T and B Builders, Inc., which was a concern engaged in the business of general building contractor in Decatur, Georgia. Petitioner's father was president of the company and his uncle the secretary-treasurer. The company employed about 150 people, 80 percent of whom were common laborers and the remainder were office workers. Petitioner's first employment was as "office boy" which work consisted largely of running errands and checking of stock in the company warehouse. Shortly thereafter petitioner received a promotion to the checking of shop drawings, running extensions, and other work to enable the company to bid on a construction job. This work also included that of estimator and purchasing agent. Petitioner attended the fall, winter, and spring quarters of 1967 of Southern Technical Institute at Marietta, Georgia. He enrolled in a 2-year program, the successful completion of which would lead to a degree in architectural engineering. During 1967, his courses included composition, *102 rhetoric, algebra, architectural working drawings, industrial psychology, technical writing, elementary surveying, building materials, and trigonometry. In his 1967 income tax return, petitioner deducted as educational expenses the amount of $1,114.59, itemized as follows: d
Tuition
$ 152.00
Textbooks
38.59
Travel (9,240 miles at 10" a mile) 924.00 $1,114.59 Petitioner's employer did not require him to attend Southern Technical Institute during 1967 in order to continue to be employed in the position he occupied at the time of his enrollment at the Institute. Ultimate Finding of Fact Petitioner's purpose in taking courses at Southern Technical Institute in 1967 was to obtain a new and better position with his employer and to earn higher pay therefor. Opinion Our ultimate finding above is dispositive of the issue in this case. It is based upon the testimony of petitioner, the only witness in this proceeding. It dictates decision for respondent. Section 162 [1] of the Internal Revenue Code of 1954 generally permits the deduction of the ordinary and necessary expenses paid or incurred in carrying on a trade or business. Section 1.162-5(a)[2] of respondent's *103 Income Tax Regulations brings within the ambit of deductible trade or business expenses the cost of education undertaken for the purposes therein enumerated. The only such purpose which could have application here is the improvement of skills enabling the taxpayer to better perform work required in an already existing employment function. It is now well settled that the expense of education obtained in order to acquire a new position or increase one's remuneration in a position already held is not a deductible trade or business expense. Sec. 1.162-5(b)(3), Income Tax Regs., as amended by T.D. 6918, 1967-1 C.B. 36; Knut F. Larson, 15 T.C. 956 (1950). *104 While there is some indication in the record that petitioner did not intend to pursue his studies to the point of obtaining a degree in architectural engineering, we are lacking any showing as to whether such a degree was eventually obtained or whether petitioner continued his studies beyond the year at issue. This state of the record, coupled with petitioner's own testimony that he subsequently obtained better and higher paying work with his employer, has 1145 satisfied us that the expenses he seeks to deduct were not paid or incurred in the carrying on of his trade or business existing prior to embarking upon his course of advanced study. Decision will be entered for the respondent. Footnotes
1. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * * ↩
2. Sec. 1.162-5 Expenses for education. (a) General Rule. Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b)(2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education - (1) Maintains or improves skills required by the individual in his employment or other trade or business, or (2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation.↩