NORA PAYNE HILL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16784. Promulgated September 6, 1949.

*F. Weaver Myers, Esq.,* for the petitioner.
*George J. LeBlanc, Esq.,* for the respondent.

**OPINION.**

ARNOLD, *Judge*: Petitioner contends that the amount of $239.50 expended by her in attending summer school was an ordinary and necessary business expense, deductible under section 23 (a) (1) (A) of the Internal Revenue Code. Respondent disallowed the claimed

deduction on the ground that it was a personal expense and not deductible.

Petitioner argues that it was an ordinary and necessary business expense incurred in carrying on her trade or business as a public school teacher, in "sharpening the tools of her trade," and was essential to the proper discharge of her professional duties and also necessary to enable her to meet the requirements of the Virginia state law relative to the renewal of her teacher's certificate and to maintain, but not to better, the status of her trade or business which she had already achieved.

She relies upon a series of cases, *Harris & Co.* v. *Lucas*, 48 Fed. (2d) 187; *Welch* v. *Helvering*, 290 U. S. 111; *Deputy* v. *DuPont*, 308 U. S. 488; *Commissioner* v. *Heininger*, 320 U. S. 467; *Charles Hutchinson*, 13 B. T. A. 1187; and *Reginald Denny*, 33 B. T. A. 738, all of which deal with the question of what constitutes ordinary and necessary business expenses in the particular activity there involved. It is apparent from the cited authorities that, to be deductible as an ordinary and necessary business expense, the expense must bear a direct relation to the conduct of the business in which the taxpayer is engaged and that each case must be determined on its own facts.

In the *Welch* case, *supra*, deduction of expense for the purpose of strengthening taxpayer's individual standing and credit and the reestablishment of business relations with former customers was denied as ordinary and necessary business expenses. Mr. Justice Cardozo, after referring to the well established rule of presumptive correctness of the Commissioner's determination and the taxpayer's burden of proving it to be wrong, in discussing what are ordinary and necessary expenses of a business deductible from gross income, said:

* * * But nothing told us by this record or within the sphere of our judicial notice permits us to give that extension to what is ordinary and necessary. Indeed, to do so would open the door to many bizarre analogies. One man has a family name that is clouded by thefts committed by an ancestor. To add to his own standing he repays the stolen money, wiping off, it may be, his income for the year. The payments figure in his tax return as ordinary expenses. Another man conceives the notion that he will be able to practice his vocation with greater ease and profit if he has an opportunity to enrich his culture. Forthwith the price of his education becomes an expense of the business, reducing the income subject to taxation. There is little difference between these expenses and those in controversy here. Reputation and learning are akin to capital assets, like the good will of an old partnership. Cf. *Colony Coal & Coke Corp.* v. *Commissioner* (C. C. A.) 52 F. (2d) 923. For many, they are the only tools with which to hew a pathway to success. The money spent in acquiring them is well and wisely spent. It is not an ordinary expense of the operation of a business.

It is well established that deductions from gross income do not turn on general equitable considerations. It "depends upon legislative

grace; and only as there is clear provision therefor can any particular deduction be allowed," *New Colonial Ice Co.* v. *Helvering,* 292 U. S. 435; *Deputy* v. *DuPont, supra.*

In the *DuPont* case it is said "Ordinary has the connotation of normal, usual, or customary. To be sure, an expense may be ordinary though it happen but once in the taxpayer's lifetime. Cf. *Kornhauser* v. *United States, supra.* Yet the transaction which gives rise to it must be of common or frequent occurrence in the type of business involved." We can not assume that public school teachers *ordinarily* attend summer school to renew their certificates when alternative methods are available. The record does not show that the course pursued by petitioner was the usual method followed by teachers in obtaining renewals of their certificates or that it was necessary so to do.

Under the Virginia Code, Title 11, chapter 33, section 660, it is provided that "No teacher shall be employed or paid from the public funds unless such teacher holds a certificate in full force in accordance with the rules of certification laid down by the State Board of Education * * *," and chapter 35, section 786 (b) (3), provides "that no school board shall employ or pay any teacher from the public funds unless the teacher shall hold a certificate in full force according to the provisions of section six hundred and sixty of the laws relating to the public free schools in counties * * *."

The record is devoid of any showing that petitioner was employed to continue in her position as teacher at the time she attended summer school in 1945 and made the expenditures in connection therewith for which she seeks a deduction. The inference may well be that she took the summer course to obtain a renewal of her certificate that would qualify her for reemployment. The expense incurred was more in the nature of a preparation to qualify her for teaching in the high school in Danville, Virginia.

Regulations 111, section 29.23 (a)–15 (*b*), provides that, except for the requirement of being incurred in connection with a trade or business, a deduction under section 23 (a) (1) and (2) is subject to the same restrictions and limitations. This includes the restrictions and limitations contained in section 24. It further provides that, "Among expenditures not allowable under section 23 (a) (2) are the following: "* * * expenses of taking special courses or training; * * * expenses such as expenses in seeking employment or in placing oneself in a position to begin rendering personal services for compensation * * *."

Respondent contends his position here is consistent with a long continued practice, citing O. D. 892, 4 C. B. 209 (1921), wherein it is stated:

The expenses incurred by school-teachers in attending summer school are in the nature of personal expenses incurred in advancing their education and are not deductible in computing net income.

Petitioner testified on direct examination that she might have obtained a renewal of her certificate by taking an examination on five books, but decided to attend summer school instead; that she thought she could do a better job in Danville by so doing; that she had already achieved the maximum salary as a teacher and it was not possible to improve her certificate, because she had the highest awarded in Virginia; that she thought the study at summer school was very worthwhile; and that if the State of Virginia had not required her to go to summer school she thought she would have gone anyhow. She said she loved to go to summer school and the reason she had not gone oftener was that she is a widow and had a son to support; that it was necessary for her to teach during the summer to earn extra salary in order to pay expenses during the year; and that after her son's graduation she had a rather serious operation and was unable to go for financial reasons. She said, "So it was not until 1945 that I could really go and I hope to go next summer. Of course I don't have to go until 1955. I do want to go next summer."

On cross-examination she said she taught short story writing for probably 12 or 15 years prior to the time she attended Columbia University in 1945 and kept up with the trends in education, including short story writing, by constant reading; that she read at least a book a month; that she would like to write short stories herself, but she did not have the time with her other work, although she did not go to summer school with the idea of becoming a professional short story writer. She again stated she expected to go to summer school the next year, but not in preparation for 1955, as she thought she would retire before then.

However commendable petitioner's conduct may have been, we can not decide the issue on that basis. To be entitled to the deduction claimed as an ordinary and necessary business expense, she must bring herself within the statutory provisions justifying the deduction. The respondent's determination that the expense is personal is presumptively correct, and the burden rests on petitioner to show the Commissioner erred in his determination. Considering all the testimony of record, we are of the opinion that she has failed in this regard, and the determination of the Commissioner is sustained.

*Decision will be entered for the respondent.*