KNUT F. LARSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23311.  Promulgated December 28, 1950.

*Knut F. Larson, pro se.*
*Joseph F. Rogers, Esq.,* for the respondent.

---

OPINION.

OPPER, *Judge:* Petitioner's claim to be entitled to a deduction as "engineering expenses" of sums paid for tuition and other outlays in connection with attendance at a university must be disallowed as being expenditures "for educational purposes and of a personal character." *Appeal of T. F. Driscoll*, 4 B. T. A. 1008; see also O. D. 892, 4 C. B. 209 (1921); O. D. 984, 5 C. B. 171 (1921). "Reputation and learning are akin to capital assets, like the good will of an old partnership * * * For many, they are the only tools with which to hew a pathway to success. The money spent in acquiring them is well and wisely spent. It is not an ordinary expense of the operation of a business." *Welch* v. *Helvering*, 290 U. S. 111.

Even applying the distinction relied upon in *Hill* v. *Commissioner* (CA-4), 181 Fed. (2d) 906, reversing 13 T. C. 291, the present claim would require disallowance. In that case the opinion, referring to O. D. 892, *supra*, distinguishes it as not controlling "when, as in the instant [*Hill*] case, the attendance at summer school was undertaken essentially to enable a teacher to continue her * * * career in her * * * existing position," the Court having already remarked that "Clearly, the very logic of the situation here shows that she went

to Columbia to maintain her present position, not to attain a new position; to preserve, not to expand or increase; to carry on, not to commence."

Here it is stipulated that the amounts in question "were paid by the petitioner * * * while he was enrolled in the College of Engineering of New York University, studying for his Bachelor's Degree in Administrative Engineering"; and it is petitioner's own claim that these studies and the subsequent academic award accounted for increases in his earning capacity. Thus, whether the expenses were undertaken as purely personal matters to improve petitioner's education and cultural attainments or in order to achieve improvement in his professional status, a choice we are not now required to make, the result would be identical. For the reason stated,

*Decision will be entered for the respondent.*