MANOEL CARDOZO, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23871. Promulgated July 9, 1951.

*Manoel Cardozo, pro se.*
*William M. Fay, Esq.*, for the respondent.

4

OPINION.

LEECH, *Judge:* The sole question presented is whether petitioner is entitled to a deduction of the amount of $1,144, representing ex-

penditures incurred in the taxable year in connection with a European trip, as ordinary and necessary expenses within the purview of sections 23 (a) (1) (A) or 23 (a) (2) of the Internal Revenue Code, or whether they constitute personal expenses nondeductible under section 24 (a) (1). The pertinent provisions of these sections are set forth in the margin.[1] The amount involved is not in dispute.

Petitioner contends that the expenditures involved were ordinary and necessary expenses incurred in carrying on his profession as a university professor and are, therefore, deductible under section 23 (a) (1) (A) or 23 (a) (2) of the Code. Petitioner, on brief, concedes that the expenses were not incurred for the production or collection of income, and since petitioner's profession was his trade or business, we think section 23 (a) (2) is not applicable. In order to succeed, petitioner has the burden of showing that the claimed deduction constituted ordinary and necessary expenses incurred in carrying on his profession, within the ambit of section 23 (a) (1) (A).

In the case of *Commissioner* v. *Heininger*, 320 U. S. 467, the Supreme Court said:

Whether an expenditure is directly related to a business and whether it is ordinary and necessary are doubtless pure questions of fact in most instances. * * *

The facts disclosed by this record clearly indicate that the contested expenditures were neither directly connected with the performance of petitioner's duties as a professor nor were they ordinary and necessary expenses incurred in carrying on his profession. Expenditures, to be deductible under the pertinent statute, must be both ordinary and necessary within the common understanding of those terms. *Welch* v. *Helvering*, 290 U. S. 111. If we concede, *arguendo*,

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

(A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.

*       *       *       *       *       *       *

(2) NON-TRADE OR NON-BUSINESS EXPENSES.—In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

SEC. 24. ITEMS NOT DEDUCTIBLE.

(a) GENERAL RULE.—In computing net income no deduction shall in any case be allowed in respect of—

(1) Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23 (x);

that these expenditures were ordinary, the record is convincing that they were not necessary.

Petitioner concedes that the European trip, taken during the vacation period, was purely voluntary and made at his own expense. Nothing in his contract of employment or in the rules and regulations of the university required the petitioner to make such trip. The university authorities did not authorize the trip nor was it required in order to retain his professorship. Cf. *Hill* v. *Commissioner*, 181 F. 2d 906.

Petitioner testified that the purpose of his trip was to increase his prestige, improve his reputation for scholarship and learning, and to better fit him to perform the duties for which he was employed and which he was performing at the university.

Petitioner offered in evidence Article 57 of the Statutes of The Catholic University of America, which provides:

An Associate Professor who, for at least four years shall have taught at the University with distinction and within that time by his publications shall have made noteworthy contributions to the advancement of knowledge, may be promoted to the rank of Ordinary Professor.

Petitioner, on brief, does not argue that the aforementioned statute of the university has any bearing on the issue presented. We think it has no material relationship to the necessity of petitioner's European trip in the taxable year, since it obviously deals with future promotion and advancement.

It seems the present controversy is analogous to those cases involving the deductibility of expenses incurred by school teachers attending summer school for the purpose of advancing their education. In the case of *Nora Payne Hill*, 13 T. C. 291, we held that a public school teacher was not entitled to deduct as ordinary and necessary business expenses amounts expended in attending summer school. Our decision was supported in part by O. D. 892, 4 C. B. 209 (1921), wherein it is stated:

The expenses incurred by school-teachers in attending summer school are in the nature of personal expenses incurred in advancing their education and are not deductible in computing net income.

The Circuit Court, in reversing this Court, (*Hill* v. *Commissioner*, *supra*) held that O. D. 892 was not controlling where the attendance at summer school was undertaken essentially to enable a teacher to continue in his existing position. While the court stated that its decision was limited to the facts there involved, it stressed the fact that the expenses were incurred "to maintain her present position, not to attain a new position; to preserve, not to expand or increase; to carry on, not to commence."

In the light of the Circuit Court's decision in the *Hill* case, the respondent has promulgated I. T. 4044,[2] modifying O. D. 892 and stating that the rule of that case will be applied in cases where the facts are similar.   I. T. 4044 provides, in part, as follows:

In general, summer school expenses incurred by a teacher for the purpose of maintaining her position are deductible under section 23 (a) (1) (A) of the Code as ordinary and necessary business expenses, but expenses incurred for the purpose of obtaining a teaching position, or qualifying for permanent status, a higher position, an advance in the salary schedule, or to fulfill the general cultural aspirations of the teacher, are deemed to be personal expenses which are not deductible in determining taxable net income.

Thus, whether we follow the Circuit Court or the opinion of this Court in the *Hill* case, *supra*, the respondent must prevail.

The facts in the instant case leave no doubt that the contested expenditures fall within the category of those deemed to be personal, and we have so found as a fact.   Section 24 (a) (1) specifically provides that personal expenses are nondeductible.

We hold that the respondent's disallowance of the claimed deduction was proper.

*Decision will be entered for the respondent.*

---

[2] I. T. 4044, I. R. B. 1951–1, p. 2.   [1951=1 C. B. 16.]