GEORGE G. COUGHLIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26249.    Promulgated June 16, 1952.

*David Boyd Chase, Esq.*, for the petitioner.
*Robert M. Willan, Esq.*, for the respondent.

### OPINION.

Hill, *Judge:* The petitioner seeks to deduct a sum expended by him in attending the Fifth Annual Institute on Federal Taxation as an ordinary and necessary business expense incurred by him in the practice of the law.

Respondent bases his position in opposition to the petitioner upon O. D. 984, 5 C. B. 171, a ruling handed down in 1921 which provides that "Expenses incurred by doctors in taking post-graduate courses are deemed to be in the nature of personal expenses and not deductible."[1] We think that we must sustain the ruling of the respondent, for in the words of Mr. Justice Cardozo:

* * * Reputation and learning are akin to capital assets, like the good will of an old partnership. * * * For many, they are the only tools with which to hew a pathway to success. The money spent in acquiring them is well and wisely spent. It is not an ordinary expense of the operation of a business.

*Welch* v. *Helvering*, 290 U. S. 111, 115.

Petitioner relies strongly upon the case of *Hill* v. *Commissioner*, 181 F. 2d 906, overruling 13 T. C. 291. There it was held that outlays

---

[1] SEC. 24. ITEMS NOT DEDUCTIBLE.

(a) General Rule.—In computing net income no deduction shall in any case be allowed in respect of—

(1) Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23 (x) ;

made by a school teacher in attending summer courses at Columbia University were deductible as ordinary and necessary business expenses because her attendance at those courses was motivated by the necessity of renewing her teacher's certificate as required by state law for the continuance of her position as a teacher. Suffice it to say that the Court of Appeals expressly limited its decision to the facts before the court.

The expenses incurred by the petitioner in attending the Fifth Annual Institute on Federal Taxation conducted by New York University are not deductible as ordinary and necessary business expenses because of the educational and personal nature of the object pursued by the petitioner.

Reviewed by the Court.

*Decision will be entered for the respondent.*

KERN, ARUNDELL, HARRON, and RAUM, *JJ.*, dissent.