ROBERT M. KAMINS AND SHIRLEY R. KAMINS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46095. Filed March 15, 1956.

*Robert M. Kamins, pro se.*
*E. A. Tonjes, Esq.,* for the respondent.

#### OPINION.

LEMIRE, *Judge:* Respondent determined deficiencies in petitioners' income tax for 1949 and 1950 in the amounts of $35.76 and $72.66, respectively.

The question presented is whether for the taxable years 1949 and 1950 petitioners are entitled to deduct as ordinary and necessary business expenses the amounts of $340 and $635, respectively, representing travel costs and a portion of the cost of typing a thesis in connection with the obtaining of a doctorate degree by petitioner Robert M. Kamins.

The facts are fully stipulated.

Petitioners are husband and wife and residents of Honolulu, Hawaii. They filed their joint income tax returns for 1949 and 1950 with the collector of internal revenue for the district of Hawaii.

Since Shirley R. Kamins is involved herein solely by having filed a joint return, Robert M. Kamins will hereinafter be referred to as petitioner.

In August 1947 petitioner was tentatively offered a position with the University of Hawaii as research associate in its legislative reference bureau. The offer stated that before a contract of employment could be offered petitioner it was necessary for him to complete substantially his qualifications for his doctorate degree since such a degree was a normal condition for holding the position of associate with the university.

Later in August 1947 petitioner passed his preliminary examinations for his doctorate degree in economics at the University of Chicago. Petitioner was then offered a 1-year contract as research associate at the University of Hawaii. The contract was accepted by petitioner but it still remained for him to write and defend a dissertation before fully qualifying for the doctorate.

On June 17, 1948, petitioner was offered and granted a second 1-year contract as research associate.

By a letter dated November 15, 1948, the director of the University of Hawaii wrote petitioner, in part, as follows:

> At the time you were employed you were advised that possession of a doctorate degree was considered to be an essential, and that as you had successfully completed your pre-doctorate examinations, you would be employed with the understanding that you would return to the University of Chicago as soon as your thesis was completed for the purpose of obtaining your degree.
>
> I need not emphasize that your status in the academic world depends in part upon the possession of the doctorate. However, with relation to your position on the staff of the Legislative Reference Bureau the degree is essential.

In December 1948 petitioner requested and was granted educational leave of absence without pay from the University of Hawaii during the first semester of the academic year beginning September 1949 in order to complete and defend his dissertation before the faculty of the University of Chicago.

On May 17, 1949, petitioner was appointed to a permanent position, effective September 1, 1949, on the faculty of the University of Hawaii as research associate with the legislative reference bureau and associate professor of economics and business.

In February 1950, after completing his dissertation at the University of Chicago, petitioner returned to his post as research associate at the University of Hawaii, which position he continues to hold at present.

On their joint income tax returns for 1949 and 1950 petitioner deducted the respective amounts of $340 and $635 as travel costs round trip between the Universities of Hawaii and Chicago by Robert M. Kamins, plus a portion of the cost of typing petitioner's doctorate thesis. Respondent disallowed the claimed deductions in their entirety.

Petitioner contends that under the instant circumstances the expenses incurred in obtaining his doctorate degree are deductible as ordinary and necessary business expenses. In support of his position petitioner seeks to orient his case under the authority and rationale of *Hill* v. *Commissioner*, 181 F. 2d 906, reversing 13 T. C. 291, and I. T. 4044, 1951–1 C. B. 16,[1] which was promulgated to give effect to the law of that case. In *Hill*, the expenses of a public schoolteacher in attending summer school in order to enable her to continue her existing position were held to be ordinary and necessary business expenses. While limiting its decision to the facts before it, the court stressed that the expenses were incurred "to maintain her present position, not to attain a new position; to preserve, not to expand or increase; to carry on, not to commence."

The essence of petitioner's argument here is that since he was employed at the time he incurred the expenses involved and nominally held a permanent position, he was "maintaining" that position by completing the requirements to hold it. The doctorate degree, petitioner contends, was a condition subsequent to the position for which he had otherwise qualified and hence his position was analogous to that of the schoolteacher in *Hill* v. *Commissioner*, *supra*. We do not agree.

It is clear from the letter of November 15, 1948, from the director of the University of Hawaii to the petitioner that possession of a doctorate degree was essential in relation to petitioner's position on the staff of the university. Despite the fact that in May 1949 petitioner went from an annual contract basis to a permanent employee basis, effective September 1, 1949, before going on educational leave and incurring the expenses in question, we do not think that petitioner was ever fully and completely established in his chosen profession until the basic requirement of holding a doctorate degree was met. Petitioner thus differed from the teacher in *Hill* v. *Commissioner*, *supra*, who was already established in the teaching profession. Since a doctorate degree was an essential requirement to any right to a permanent position, the expenditures in connection with obtaining the doctorate were clearly for "commencing" and "increasing" and not for "carrying on" or "preserving." *Hill* v. *Commissioner*, *supra*, is thus clearly distinguishable.

We think the rationale of *Knut F. Larson*, 15 T. C. 956, is applicable here. In that case the taxpayer in 1945 was employed as an industrial engineer and in that year took evening courses in engineering. On his

---

[1] I. T. 4044 provides, in part, as follows:

In general, summer school expenses incurred by a teacher for the purpose of maintaining her position are deductible under section 23 (a) (1) (A) of the Code as ordinary and necessary business expenses, but expenses incurred for the purpose of obtaining a teaching position, or qualifying for permanent status, a higher position, an advance in the salary schedule, or to fulfill the general cultural aspirations of the teacher, are deemed to be personal expenses which are not deductible in determining taxable net income.

1945 tax return the taxpayer deducted the amount of $636.49 representing transportation to and from school. We there stated:

Petitioner's claim to be entitled to a deduction as "engineering expenses" of sums paid for tuition and other outlays in connection with attendance at a university must be disallowed as being expenditures "for educational purposes and of a personal character."

In *Manoel Cardozo*, 17 T. C. 3, we held that expenditures incurred by a professor for voluntary travel abroad to do research, to increase his prestige, and to improve his reputation for scholarship and education were nondeductible personal expenses.

Petitioner further relies upon *Coughlin* v. *Commissioner*, 203 F. 2d 307, reversing 18 T. C. 528, where it was held that expenses for tuition, travel, board, and lodging, incurred by an attorney in attending a Federal taxation institute, were deductible as ordinary and necessary business expenes of his profession. We think such case is clearly distinguishable and deem it unnecessary to discuss it here.

Accordingly, on this record we hold that respondent's disallowance of the claimed deductions for 1949 and 1950 was proper.

*Decision will be entered for the respondent.*