CLARK S. MARLOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 60164.     Filed December 26, 1956.

*Clark S. Marlor, pro se.*
*Clarence P. Brazill, Jr., Esq.,* for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency of $201.37 in the income tax of the petitioner for 1952. The only issue for decision is whether the Commissioner erred in disallowing $729.21 claimed as a necessary expense deduction. The facts have been presented by a stipulation which is adopted as the findings of fact.

The petitioner filed his individual income tax return for 1952 with the district director of internal revenue for the Upper Manhattan District, New York, New York.

The petitioner was appointed a tutor at Queens College, Flushing, New York, by a letter from its president dated September 27, 1950, as follows:

I am happy to inform you that at the meeting of the Board of Higher Education held September 25, 1950, you were appointed Tutor in Speech effective September 1, 1950 to August 31, 1951 at a compensation of $3300. per annum, subject to financial ability and schedule conditions.

Please note that this appointment is of a temporary nature, and that under Sec. 113 of the By-laws of the Board of Higher Education, services beyond the period indicated in this notice are possible only if the Board takes affirmative action to that effect.

Section 113 of the bylaws of the Board of Higher Education of the City of New York, applicable hereto, was in part as follows:

§ 113. APPOINTMENTS TO THE TEMPORARY STAFF. All original appointments to the temporary instructional staffs in the rank of professor or below, shall be made for one year or less. The service of any person appointed on an annual basis may be discontinued at the end of the first year or if reappointed at the end of the second or third year. The notice of appointment to such member of the temporary instructional staff, shall state specifically that the appointment is of a temporary nature, shall give the terminal dates of the appointment, and shall add that services beyond the period indicated in the notice of appointment are possible only if the Board takes affirmative action to that effect. * * *

Section 112 provided that a tutor who has not met the eligibility requirements for the position of instructor within 5 years from the date of his appointment will not be eligible for promotion to the rank of instructor on the permanent staff or for reappointment as a tutor.

Section 131 (B), which covered conditions and qualifications for appointment and promotion to the various ranks, provided that a candidate for appointment as an instructor, in addition to other qualifications must "have completed all the requirements for the Ph. D. degree, except the publication of the thesis, or an equivalent degree in a university of high standing."

The petitioner was informed by the Chairman of the Speech Department of the college of the above requirements prior to his appointment in 1950 and that he would not be recommended for reappointment unless he could demonstrate that he was making substantial progress toward the attainment of a doctoral degree.

It was thus necessary for the petitioner to pursue graduate study at once toward a doctoral degree, in order to be eligible for a permanent position and to be reappointed meanwhile in the temporary or "probational" post of tutor.

His employment as a tutor continued during 1952.

He deducted $729.21 on his 1952 return "as necessary expenses incurred in order to retain his position as tutor." The Commissioner, in determining the deficiency, disallowed that deduction and explained "the sum of $729.21 claimed as a deduction in connection with obtaining a doctorate degree is not allowable under the provisions of the Internal Revenue Code of 1939."

It is obvious from the stipulation that the college was seeking, through the employment of tutors on a temporary or probationary term only, men who would qualify themselves for permanent status through advancement to the higher teaching ranks and the college would not reappoint for a second year tutors who lacked the ambition or the ability to continue their education to that extent. The petitioner was aware of this policy when he accepted the employment. He could make his temporary employment permanent only by qualifying for

higher rank. The fair inference is that he honestly and unequivocally undertook to pursue his education to the extent expected and required in order to qualify for higher rank and thus achieve permanent employment. He could not merely "retain" his position as tutor, even for a second year, without, at the same time, continuing his education further to make himself eligible for the next higher rank of instructor.

The expense of continuing, expanding, and increasing one's education by pursuing a higher academic degree is nondeductible personal expense under section 24 (a) (1). *Welch* v. *Helvering*, 290 U. S. 111; *T. F. Driscoll*, 4 B. T. A. 1008; *Knut F. Larson*, 15 T. C. 956. Education of this kind is personal and its cost is not a deductible expense of this petitioner any more than would be the cost of fattening himself if he were too thin physically instead of intellectually. This man was apparently just starting up the ladder to his ultimate goal, he was expected to try to become eligible for a permanent position, and he is not allowed under any provision of section 23 to deduct the expense of completing his formal education. This case is like *Robert M. Kamins*, 25 T. C. 1238, and is unlike *Hill* v. *Commissioner*, 181 F. 2d 906, reversing 13 T. C. 291. I. T. 4044, 1951–1 C. B. 16 modifying O. D. 892, 4 C. B. 289. Cf. *Manoel Cardozo*, 17 T. C. 3.

Reviewed by the Court.

*Decision will be entered for the respondent.*

Raum, *J.*, dissenting: The expenses incurred by petitioner had a dual objective. On the one hand, the attainment of the doctorate was necessary in order to qualify for appointment to the permanent staff, and I assume, *arguendo*, that if such were the only purpose, the expenses would not be deductible any more than educational expenses generally that are incurred by one who is preparing for his profession or calling in life. On the other hand, petitioner's work toward his doctorate had a much more immediate objective. He held a temporary appointment as a tutor and it was made clear to him that it was necessary for him to make substantial progress toward the doctorate in order to retain his position as tutor. In short, the expenses incurred by petitioner were necessary in order to earn the very income which the Commissioner seeks to tax. I find it very difficult to see why such expenses do not qualify as "ordinary and necessary" business expenses. Petitioner's position is supported by *Hill* v. *Commissioner*, 181 F. 2d 906 (C. A. 4), which is not satisfactorily distinguished in the majority Opinion.

Tietjens and Withey, *JJ.*, agree with this dissent.