Maude A. Schinnagel v. Commissioner.
Schinnagel v. Commissioner
Docket No. 85526.
United States Tax Court
T.C. Memo 1962-104; 1962 Tax Ct. Memo LEXIS 205; 21 T.C.M. (CCH) 577; T.C.M. (RIA) 62104; April 30, 1962
Maude A. Schinnagel, pro se., 7200 Ridge Blvd., Brooklyn, N. Y. Edward H. Hance, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: A deficiency in income tax of $239.83 for 1958 is in controversy. The sole question is whether deductions claimed by petitioner for the expenses of travel from New York to, and subsistence in, Hawaii, and tuition at the University of Hawaii, are deductible as ordinary and necessary business expenses. Findings of Fact Petitioner is an individual residing at 7200 Ridge Boulevard, Brooklyn, New York. She is a first grade teacher in the employ of the Board of Education of the City of New York at P.S. 105 in Brooklyn, New York and has been employed as a teacher for approximately 40 years. The income tax return for the period here involved was *206 filed with the district director of internal revenue, Brooklyn, New York. Petitioner spent approximately 6 weeks on a trip to Hawaii during the summer of 1958. While she was in Hawaii, petitioner satisfactorily completed, between June 27 and August 2, a course at the University of Hawaii entitled "Hawaii and Its People." This course was made available through the American Federation of Teachers, of which petitioner is a member, and all of the people attending the course were members of this organization. The course "Hawaii and Its People" was composed of morning lectures covering 15 hours a week and 12 "field trips." The field trips consisted of visits to points of general interest, such as Buddhist temples, a pineapple factory, and Chinatown. Petitioner could have taken courses at a university near her home for the purpose of acquiring any credits she needed to obtain an increase in salary. She was not required, nor requested, to take the course at the University of Hawaii. For the taxable year 1958 petitioner claimed as expenses for education, arising out of enrollment in the aforementioned course, the following sums: Tuition
$ 52.50
Meals
180.00
Housing
249.61
Transportation
454.94
Total
$937.05
*207 Respondent has disallowed the entire sum of $937.05. Petitioner has not shown a relationship between the course entitled "Hawaii and Its People" and the subjects in which she instructed. The expenditures claimed by petitioner for the year 1958 were not incurred primarily for the purpose of preserving her position, nor of maintaining or improving skills required by her in her employment. The expenditures claimed by petitioner were not ordinary and necessary expenses incurred by her in carrying on a trade or business within the meaning of section 162 of the Internal Revenue Code of 1954. Opinion We think petitioner has failed to show that the expenses of her trip to Hawaii, and her living expenses while there, were essentially for the purpose of conserving her employment, or of maintaining or improving her skills as a first grade public school teacher. Respondent's regulations, derived apparently from Hill v. Commissioner, 181 F. 2d 906 (C.A. 4, 1950), reversing 13 T.C. 291 (1949), see Robert M. Kamins, 25 T.C. 1238 (1956), preclude the deduction of "expenditures * * * for education undertaken primarily for *208 the purpose of obtaining * * * substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer." Sec. 1.162-5(b), Income Tax Regs. We have been referred to no authority in which this regulation has been repudiated, and we regard it as a reasonable interpretation of the statute and its promulgation as within the administrative discretion of the Commissioner. Petitioner has not demonstrated that there was any requirement, nor even any assumption on the part of her employer, that she enroll in the course selected, nor, indeed, that she pursue any other course of study, see Laurie S. Robertson, 37 T.C. - (Mar. 28, 1962), in order to retain her position. Harold H. Davis, 38 T.C. - (Apr. 30, 1962). These expenditures were not undertaken "to maintain her present position," not "to preserve," nor "to carry on." Hill v. Commissioner, supra.Whether they were "to expand or increase" or to improve her stature as a cultivated person, the result would still be that the expenses are of a personal nature and may not be deducted. Manoel Cardozo, 17 T.C. 3 (1951). *209 No doubt the Hawaiian experience was educational for petitioner, as it would be for most people. But "[reputation] and learning are akin to capital assets, like the good will of an old partnership. * * * For many, they are the only tools with which to hew a pathway to success. The money spent in acquiring them is well and wisely spent. It is not an ordinary expense of the operation of a business." Welch v. Helvering, 290 U.S. 111, 115-116 (1933). The actual tuition paid to the University bears so small a relation to the total expense claimed that we consider it unnecessary to deal with that item separately. We cannot regard petitioner's total expense of the Hawaiian trip as being deductible as ordinary and necessary business expense. Cf. Richard Seibold, 31 T.C. 1017, 1021 (1959). Decision will be entered for the respondent.