Woodard W. Hartrick and Vera C. Hartrick v. Commissioner.
Hartrick v. Commissioner
Docket No. 92381.
United States Tax Court
T.C. Memo 1963-36; 1963 Tax Ct. Memo LEXIS 307; 22 T.C.M. (CCH) 145; T.C.M. (RIA) 63036; February 7, 1963
*307 Woodard W. Hartrick, 14949 Lakewood Heights Blvd., Lakewood, Ohio, pro se. Eugene S. Linet, Esq., for the respondent. TRAIN
Memorandum Findings of Fact and Opinion TRAIN, Judge: Respondent determined a deficiency in the 1959 income tax of petitioners in the amount of $137.77. The issue for decision is whether the expenses for education incurred during 1959 by Vera C. Hartrick, an Ohio elementary grade school teacher, are deductible under section 162 of the 1954 Code. Findings of Fact Some of the facts have been stipulated and are hereby found as stipulated. Petitioners Woodard W. Hartrick and Vera C. Hartrick are husband and wife. For the calendar year 1959 they filed a joint Federal income tax return with the district director of internal revenue, Cleveland, Ohio. Since Woodard W. Hartrick is joined herein solely by virtue of having participated in filing of the joint return, only Vera C. Hartrick will be referred to as petitioner. In 1956, petitioner was employed by the Cleveland Board of Education as a teacher of elementary sight-saving classes. The pupils in these classes were children with poor vision. Petitioner has held this position continuously up to the present time. The *308 following schedule indicates the teaching experience, schools, salary, grades taught and assignments of petitioner from 1927 through 1962: Yearly Salary
School
as Shown
Grades
Special Assignments
Year
Name and Location of School
on Contracts
Taught
and Remarks
1927-28
Rural school - Fillmore Co., Neb. $675
1-8
One room country school
1928-29
Rural school - Fillmore Co., Neb.
720
1-8
One room country school
1930-31
Norcatur Public Schools, Norcatur,
Kans.
990
7th and
Consolidated School
Music
1946-47
Lakewood Public Schools, Lakewood,
Ohio
Hourly rate
1-8
Substituting only
1947-48
Lakewood Public Schools, Lakewood,
Ohio
Hourly rate
1-8
Substituting and Home-
bound
1948-49
Lakewood Public Schools, Lakewood,
Ohio
Hourly rate
1-8
Substituting and Home-
bound
1949-50
Lakewood Public Schools, Lakewood,
Ohio
Hourly rate
1-8
Substituting and Home-
bound
1950-51
Lakewood Public Schools, Lakewood,
Ohio
Hourly rate
1-8
Substituting and Home-
bound
1951-52
Lakewood Public Schools, Lakewood,
Ohio
Hourly rate
1-8
Substituting and Home-
bound
1952-53
Lakewood Public Schools, Lakewood,
Ohio
Hourly rate
1-8
Homebound Teaching only
1953-54
Lakewood Public Schools, Lakewood,
Ohio
Hourly rate
1-8
Homebound Teaching only
1954-55
Lakewood Public Schools, Lakewood,
Ohio
Hourly rate
1-8
Homebound Teaching only
1955-56
Lakewood Public Schools, Lakewood,
Ohio
Hourly rate
1-8
Homebound Teaching only
Cleveland Public Schools, Cleveland,
Ohio
Hourly rate
1-8
Homebound Teaching only
1956-57
Cleveland Public Schools, Cleveland,
Ohio
$3,600
1-4
McKinley School - Special
Sight-Saving Classes
1957-58
Cleveland Public Schools, Cleveland,
Ohio
4,000
1-4
McKinley School - Special
Sight-Saving Classes
1958-59
Cleveland Public Schools, Cleveland,
Ohio
4,450
1-4
Waring School - Special
Sight-Saving Classes
1959-60
Cleveland Public Schools, Cleveland,
Ohio
4,750
1-4
Gilbert School - Special
Sight-Saving Classes
1960-61
Cleveland Public Schools, Cleveland,
Ohio
5,000
1-4
Gilbert School - Special
Sight-Saving Classes
1961-62
Cleveland Public Schools, Cleveland,
Ohio
5,800
1-4
Gilbert School - Special
Sight-Saving Classes
*309 The salary increases shown for the Cleveland Public Schools for the years 1956-57 to 1960-61, inclusive, were the result of automatic increases for years of successful teaching and changes in salary bases for cost-of-living increases. The salary increase from 1960-61 to 1961-62 resulted in part from automatic increases for years of successful teaching and in part from obtaining a Bachelor of Science in Elementary Education Degree in June 1961. The Laws and Regulations governing the certification of teachers and other school employees (hereinafter referred to as the Laws and Regulations) adopted by the State Board of Education, State of Ohio, and effective at all times material to this proceeding, provide, inter alia, for the following general types of teaching certificates: (1) Provisional Certificates Section 3319.24. "Provisional certificates valid for four years shall be issued by the State Board of Education to those who have completed the respective courses prescribed therefor by the Board in an institution approved by it for the type of preparation required; provided that the requirements shall not be lower than graduation from a two-year course for types (A) and (B) as set *310 forth in section 3319.22 of the Revised Code and graduation from a four-year course for all other types, except vocational trades and industries for which the training shall be as prescribed by the State Board and approved by the Board. The Board may renew for like period and for like type and validity any provisional certificate upon satisfactory evidence of the applicant's professional standing and, if experienced, teaching success." (a) Elementary (Standard Certificate) The provisional elementary certificate will be issued to the holder of a baccalaureate degree, conferred by an institution approved for the preparation of elementary teachers, provided the pattern of training leading to the degree conforms to certain enumerated requirements. (b) Elementary (Sub-Standard) The provisional (cadet) elementary certificate will be issued to one who completes 62 semester hours of certain enumerated courses. This certificate, valid for four years, differs from the standard elementary certificates issued on the degree in that the holder of the cadet certificate must complete 24 semester hours of additional credit applicable to the requirements for the degree in elementary education for *311 each renewal until the degree is conferred. (2) Professional Certificates Section 3319.26. "The State Board of Education may convert any provisional certificate or renewal thereof into a professional certificate of like type valid for eight years, provided the applicant has met the standards of preparation, experience, and teaching success set by the Board for the conversion applied for." Any provisional elementary certificate may be converted into an eight-year professional certificate upon evidence of: (a) Twenty-four months of successful teaching experience under the provisional elementary certificate, and (b) A degree in elementary education. (c) Those holding the cadet elementary certificate will not become eligible for the professional certificate until the degree is obtained. (d) Those holding the elementary certificate obtained by completing the full retraining requirements may, after 24 months of successful elementary teaching experience, apply for the professional certificate. (3) Permanent Certificate Section 3319.26. "The State Board of Education may convert any professional certificate or renewal thereof into a permanent certificate of like type provided the applicant *312 has met the standards of preparation, experience, and teaching success set by the said Board for the conversion applied for. All permanent certificates shall be countersigned by the Superintendent of Public Instruction." Any eight-year professional elementary certificate may be converted into a permanent elementary certificate upon evidence of: (a) Forty months of successful experience under the eight-year certificate to be converted, and (b) A bachelor's degree in elementary education. Section 3319.30, Revised Code of Ohio provides that: No person shall receive any compensation for the performance of duties as teacher in any school supported wholly or in part by the State or by federal funds who has not obtained a certificate of qualification for the position as provided for by section 3319.22 of the Revised Code and which certificate shall further certify to the good moral character of the holder thereof. Any teacher so qualified may, at the discretion of the employing board of education, receive compensation for days on which he is excused by such board for the purpose of attending professional meetings, and the board may provide and pay the salary of a substitute teacher for such *313 days. The Laws and Regulations define a "certificate" as follows: A license issued by the State indicating the grades or subjects in which the holder has satisfied the minimum requirements prerequisite to employment in the schools of Ohio. * * * Under the heading of "General Information," the Laws and Regulations provide that: The regulations prescribed by the State Board of Education are minimums and, except where specifically stated, should not be construed as either optimum or maximum. They are designed to provide adequate professional preparation, a breadth of general education, and adequate basic preparation in teaching fields. On August 7, 1956, petitioner was issued, effective September 1, 1956, a Provisional Elementary Certificate, or cadet certificate, by the Department of Education, State of Ohio. The pertinent parts of the certificate are as follows: This certificate granted to Vera C. Hartrick Witnesseth that the holder hereof, being of good moral character and having satisfactorily completed the minimum requirements prescribed by the State Superintendent of Public Instruction in an institution approved by him, is hereby licensed to teach in any elementary school of the *314 state for a period of four years from September 1, 1956. Across the face of the certificate was stamped the following legend: CADET: Renewable only upon 24 semester hours of additional training applicable toward degree in elementary education. Subsequent to the issuance of petitioner's cadet certificate in 1956, she attended Baldwin-Wallace College, Berea, Ohio, during the years 1957, 1959, and 1960. As a result of such attendance, petitioner acquired the education necessary for renewal of her cadet certificate. In 1959, petitioner expended the following amounts with respect to her attendance at Baldwin-Wallace College: Tuition
$332.50
Textbooks
20.90
Auto Expense
105.84
$459.24
Respondent disallowed all of petitioner's foregoing expenses. In the notice of deficiency respondent stated: On page 2 of your return for the taxable year 1959 you have deducted the aggregate amount $459.24 as "educational expense." It is held that the expenses you claim fall within the provisions of Section 1.162-5(b) of Income Tax Regulations relating to non-deductible educational expenses and therefore cannot be deducted in computing taxable income. * * * On August 7, 1960, petitioner was issued a renewal of her *315 cadet certificate, effective September 1, 1960. In June 1961, petitioner was awarded a baccalaureate degree in elementary education by Baldwin-Wallace College. Since securing her degree, petitioner has pursued no further formal education. Subsequently, petitioner applied for, and was issued, a Professional Certificate, effective September 1, 1962, valid for eight years. Upon securing her degree, petitioner's salary was thenceforth determined from a salary list applicable only to teachers holding degrees. This resulted in a salary increase for petitioner. Petitioner's expenses were incurred primarily for the purpose of meeting the express requirements of her employer imposed as a condition to the retention by petitioner of her employment. Opinion Section 162, 1954 Code, provides that there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Section 1.162-5(a), Income Tax Regulations, [provides] that expenditures made by a taxpayer for his education are deductible if undertaken primarily for the purpose of (1) maintaining or improving skills required by the taxpayer in his employment or *316 other trade or business, or (2) meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment. Petitioner contends that the educational expenses incurred and paid in the year 1959 were ordinary and necessary business expenses deductible under section 162. Petitioner contends that she undertook the additional education and incurred expenses totaling $459.24 for the primary purpose of meeting the express requirements of her employer which were imposed as a condition to the retention of her employment. Petitioner maintains that some of the courses were undertaken for a dual purpose; the primary purpose being to maintain her position as a teacher and the secondary purpose being to improve her skill as a teacher. Respondent relying on the last sentence of section 1.162-5(b), [1] Income Tax Regulations, contends that the expenses in question are not deductible because the education was required in order to meet the minimum requirements for qualification or establishment in petitioner's intended trade or business. Respondent contends that the "'minimum *317 requirements' rule is the starting point for determining the deductibility of education expenses, and that if the expenses under scrutiny are nondeductible upon the application of this rule, the inquiry need go no further." (b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. The fact that the education undertaken meets express requirements for the new position or substantial advancement in position will be an important factor indicating that the education is undertaken primarily for the purpose of obtaining such position or advancement, unless such education is required as a condition to the retention by the taxpayer of his present employment. In any event, if education is required of the taxpayer in order to meet the minimum requirements for qualification or establishment in his intended trade or business or specialty therein, the expense of such education is personal in *318 nature and therefore is not deductible.
We agree with petitioner. Contrary to respondent's contention, the initial inquiry is whether the taxpayer is engaged in a trade or business. See C. Doris H. Pepper, 36 T.C. 886, 892 (1961). If the taxpayer has no trade or business, all the qualifications in the world cannot make the expenditures deductible under section 162. It is clear that petitioner was engaged in the trade or business of being a school teacher. See Hill v. Commissioner, 181 F. 2d 906 (C.A. 4, 1950). The education which petitioner undertook was not required in order to obtain her employment, cf. Robert M. Kamins, 25 T.C. 1238 (1956), but rather, it was required in order to maintain her employment. The expenses in question were directly connected with and proximately resulted from petitioner's employment. Educational expenses stand on no different footing than any other deduction allowable under section 162. Contrary to respondent's apparent view, educational expenditures are not subject to any greater or lesser limitations than any other expenditure which may be deductible under section 162. If an expenditure is deductible, it is by authority of section 162. The sentence *319 in section 1.162-5(b), Income Tax Regulations, upon which respondent relies is obviously intended to establish the same rule applicable to any deduction under section 162. That is, a taxpayer must be engaged in a trade or business before the expenses are deductible. This seems to be the clear import of section 1.162-5(b), supra, since it speaks of "intended trade or business or specialty therein." [Italics supplied.] By contrast, section 1.162-5(a), Income Tax Regulations, is predicated on being engaged in a trade or business. The latter section speaks of "Meeting the express requirements of a taxpayer's employer * * * imposed as a condition to the retention by the taxpayer of his salary, status or employment." [Italics supplied.] Here as in other areas, expenses of preparing to enter a trade or business or specialty therein are not deductible. Once it has been established that a taxpayer is engaged in a trade or business, then the expenditure is subject to the other applicable limitations. Prime illustrations of preparing to enter a trade or business or specialty are Joseph T. Booth, III, 35 T.C. 1144 (1961) (preparing to become a tax specialist); Sandt v. Commissioner, 303 F. 2d 111 *320 (C.A. 3, 1962), and Hines v. Commissioner, 303 F. 2d 111 (C.A. 3, 1962), affirming Memorandum Decisions of this Court (preparing to become a patent chemist). It seems rather unusual to say that although petitioner was actively engaged in the trade or business of being an elementary school teacher that nevertheless she was preparing to enter the very profession she was already engaged in. While it is true that petitioner did not have a permanent certificate, her certificate stated that she had met the minimum requirements prescribed by the state superintendent. This seems clear since there were no limitations on what she could teach within her range of certification. She was at all times a qualified elementary school teacher. The certificates that she subsequently acquired did not qualify her for a different trade or business or a specialty therein. However, the fact that education leads to qualification for a new position or substantial advancement is not necessarily fatal to a taxpayer's deduction. Section 1.162-5(b), supra, partially relied on by respondent, specifically provides that: The fact that the education undertaken meets express requirements for the new position or substantial *321 advancement in position will be an important factor indicating that the education is undertaken primarily for the purpose of obtaining such position or advancement, unless such education is required as a condition to the retention by the taxpayer of his present employment. We hold that the expenditures made by petitioner in 1959 were ordinary and necessary expenses incurred in carrying on her trade or business. Decision will be entered for petitioners. Footnotes
1. § 1.162-5 Expenses for education. * * *↩