Gian Chand Sud v. Commissioner.
Sud v. Commissioner
Docket No. 1477-63.
United States Tax Court
T.C. Memo 1965-102; 1965 Tax Ct. Memo LEXIS 227; 24 T.C.M. (CCH) 559; T.C.M. (RIA) 65102; April 16, 1965
*227 The petitioner, a teaching assistant at the University of Wisconsin in 1960 and 1961, continued his previously commenced graduate courses and was a candidate for the Ph.D. degree at that University in those years. He was not required to have a Ph.D. degree to be a teaching assistant. Held: The educational expenses incurred in 1960 and 1961 were not incurred primarily to maintain and improve petitioner's skills as a teaching assistant nor were they required by his employer to retain his employment, his salary, or his status. Such expenses were not ordinary and necessary expenses of the petitioner's trade or business, but were personal, incurred primarily for the purpose of fulfilling his educational aspirations and obtaining a new position or substantial advancement in the academic community in which he was employed. Gian Chand Sud, pro se. Stanton P. Sornson, for the respondent. HOYT
Memorandum Findings of Fact and Opinion HOYT, Judge: The respondent determined deficiencies in income taxes of the petitioner for the taxable years 1960 and 1961 in the respective amounts of $37 and $141.73. Various concessions with respect to the disallowance of claimed deductions have been made by *228 petitioner and other issues have been settled by the parties. The sole issue remaining to be decided is whether petitioner is entitled to deduct as ordinary and necessary business expenses under section 162(a) of the Internal Revenue Code of 1954, certain educational expenses in an agreed amount which were expended by him in the years before us. Findings of Fact Some of the facts have been stipulated by the parties, and we adopt such facts as our findings and incorporate them herein by this reference. During the years 1960 and 1961, the petitioner, a native of India, was a single individual residing at Madison, Wisconsin. He filed timely individual income tax returns for those years with the district director of internal revenue at Milwaukee, Wisconsin. In August of 1958 the petitioner was appointed to the faculty of the Stout State College at Menomonie, Wisconsin, as an instructor in Biology (Zoology) for one academic year beginning September 1, 1958. He had already received his B.S. and M.S. degrees in Zoology. Prior to his acceptance of this employment the petitioner had begun his graduate work to obtain a Ph. D. degree at the University of Missouri, but he discontinued this course *229 of graduate study. In March or April of 1959, the petitioner was advised by Stout State College that he would no longer be employed by them as an instructor and that his services as such would be terminated at the end of the semester. In September of 1959, Sud enrolled as a graduate student at the University of Wisconsin, Madison, Wisconsin, and resumed his work toward the acquisition of a Ph. D. degree in Zoology. He also was employed during 1960 and 1961 by the University as a teaching assistant, and the income received and reported by him for those years was derived from this employment. No ordinary income was reported from other sources during those years and petitioner had no agreement or understanding with Stout State College that he would return to join the faculty there after he had completed his graduate studies and received his Ph. D. degree. His employment as a teaching assistant in 1960 and 1961 was not a "faculty" position and he was not required by his employer or by his duties to have a Ph. D. degree or to continue his graduate studies leading to that degree in those years. He was instructing in General Zoology (Zoology I), and his graduate studies did not improve his *230 skill or ability to carry on those instructional duties. Subsequently the petitioner was employed as an assistant professor at Wisconsin State University, Oshkosh, Wisconsin, for the academic year 1964-1965. At the time of trial he was so employed. The petitioner was not improving or maintaining his skills as a teaching assistant during the years 1960 and 1961 at the University of Wisconsin by continuing his graduate studies there during those years. There was no requirement of his employer in those years that he continue his graduate studies to retain his status, salary or employment. The expenditures made by the petitioner for his further education in 1960 and 1961 were for education undertaken primarily by him for the purpose of obtaining a new position or substantial advancement in position and for the purpose of fulfilling the petitioner's general educational aspirations. Opinion The petitioner urges that he returned to his graduate studies in 1959 because the president of Stout State College, his employer at the time, required him to proceed with his graduate studies leading to a Ph. D. degree. Petitioner's testimony about this is not clear and he produced no other competent *231 evidence to establish this fact. However, he was not employed by Stout State College during the years he incurred the educational expenses he seeks to deduct, and he makes no claim that his then employer, the University of Wisconsin, even suggested, much less required, that he pursue his graduate studies to retain his job as a teaching assistant. His sole employment in 1960 and 1961, the years before us, was as a teaching assistant at Wisconsin, in the Zoology Department. It was while he was so employed that he did additional graduate work toward obtaining his Ph. D. degree. His position did not require that he have such a degree and petitioner testified that his skills in carrying on his instructional duties as a teaching assistant were not improved by his graduate studies. Petitioner, with commendable candor, testified that there was no connection between his graduate school educational efforts and his contemporaneous teaching duties. That the educational expenses here involved were personal and incurred to satisfy petitioner's own educational aims and aspirations is clearly shown by the evidence before us. Petitioner was concerned with and looking toward the future in proceeding *232 with his graduate work. Petitioner was only a teaching assistant during the years here involved, and to teach General Zoology all he needed was his Master's degree. He testified to the effect that to become a member of a college faculty and to be entitled to lecture to classes, he would have to have a Ph. D. In addition to his statement that he was not on Sabbatical leave from Stout State while he attended graduate school and that there was no understanding or commitment either that Stout later re-employ him or that he return to teach there, petitioner testified that he did not return to Stout because he got what he considered a better faculty position at Wisconsin State. There is no doubt but that the graduate studies here involved and the Ph. D. resulting therefrom led to and resulted in this new position and petitioner's enhanced status in the academic community. The money spent by petitioner in 1960-1961 in acquiring his Ph. D. may have been wisely and well spent and certainly led to advancement and prestige in the academic world, but nothing in the record before us establishes that these expenditures were ordinary or necessary expenses in connection with his then trade or business: *233 his employment as a teaching assistant of General Zoology. See Welch v. Helvering, 290 U.S. 111 (1933). Petitioner here has not established that he is entitled to rest under the umbrella of the rationale announced in Hill v. Commissioner, 181 F. 2d 906 (C.A. 4, 1950), reversing 13 T.C. 291 or I.T. 4044, 1951-1 C.B. 16, [1] *234 promulgated to give effect to that rationale. See also Robert M. Kamins, 25 T.C. 1238 (1956). Nor has he brought himself within section 162 of the 1954 Code and the liberalized rules for deductibility of educational expenses announced by the regulations published in T.D. 6291. [2] *235 On the contrary, the evidence before us convinces us otherwise. The expenses Sud seeks to deduct cannot be allowed because they were not incurred to maintain his employment, nor to preserve it, nor to carry on with it, but rather to attain a new position, to expand or increase his teaching abilities and to commence new employment at a higher level in the academic teaching profession. Hill v. Commissioner, supra. We *236 hold that Sud undertook his graduate studies in 1960 and 1961 and incurred expenses therefor to fulfill his personal educational aims and to improve his academic and teaching skills in order to gain advancement and secure future employment. His expenditures in those years were not for education undertaken primarily for the purpose either of maintaining or improving his skills required by him in his employment or of meeting the requirements of his employer, and therefore the deductions he seeks cannot be allowed. The expenses were not ordinary and necessary to petitioner's trade or business and the respondent's disallowance of these claimed deductions must be sustained. Because of concessions and adjustments required by the settlement of other issues, Decision will be entered under Rule 50. Footnotes
1. This provides, in part, as follows: * * * expenses incurred for the purpose of obtaining a teaching position, or qualifying for permanent status, a higher position, an advance in the salary schedule, or to fulfill the general cultural aspirations of the teacher, are deemed to be personal expenses which are not deductible in determining taxable net income. 2. SEC. 162. I.R.C. 1954. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *. * * *
Sec. 1.162-5 of the Income Tax Regulations provides, in part: Sec. 1.162-5 Expenses for Education. (a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of: (1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, or (2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment. Whether or not education is of the type referred to in subparagraph (1) of this paragraph shall be determined upon the basis of all the facts of each case. If it is customary for other established members of the taxpayer's trade or business to undertake such education, the taxpayer will ordinarily be considered to have undertaken this education for the purposes described in subparagraph (1) of this paragraph. * * *
(b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. The fact that the education undertaken meets express requirements for the new position or substantial advancement in position will be an important factor indicating that the education is undertaken primarily for the purpose of obtaining such position or advancement, unless such education is required as a condition to the retention by the taxpayer of his present employment. In any event, if education is required of the taxpayer in order to meet the minimum requirements for qualification or establishment in his intended trade or business or specialty therein, the expense of such education is personal in nature and therefore is not deductible.↩