Robert C. Smith v. Commissioner.
Smith v. Commissioner
Docket No. 5206-69-SC.
United States Tax Court
T.C. Memo 1970-223; 1970 Tax Ct. Memo LEXIS 137; 29 T.C.M. (CCH) 972; T.C.M. (RIA) 70223; July 30, 1970. Filed *137 Soon after he was employed as a staff accountant for a firm of certified public accountants, petitioner took a review course to help prepare him for the C.P.A. examination. Held, the expenses incurred in connection with the course do not constitute deductible business expenses for education since the education was required of the taxpayer in order to meet the minimum requirements for qualification or establishment in his intended trade or business as a certified public accountant, and was not undertaken primarily to maintain or improve his skills in his employment. Robert C. Smith, pro se, 13654 Fairhill Rd., Apt. 101, Cleveland, Ohio, *138 J. Edward Friedland, for the respondent. HOYT
HOYT, Judge: Respondent determined a deficiency in the income tax of petitioner for the year 1966 in the amount of $53.58. The only question which is presented for decision is whether petitioner is entitled to deduct $285.10 as a business expense for education. Findings of Fact Robert C. Smith, petitioner herein, resided in Cleveland, Ohio, at the time of the filing of the petition in this case. His individual income tax return for the calendar year 1966 was filed with the district director of internal revenue, Cleveland, Ohio. In June, 1965, Robert graduated from the University of Akron with a Bachelor of Science degree in accounting. After working for that University for a short period of time, he took a job in the accounting department of the General Tire and Rubber Company in Akron, Ohio. In July, 1966, Robert was employed by a firm of certified public accountants in Cleveland as an auditor, or staff accountant. This job entailed examining clients' financial statements prior to the firm's ultimate rendering of opinions as to the fairness of the figures presented in the statements. In August or early September *139 of 1966 Robert enrolled in a C.P.A. Review Course for the primary purpose of preparing him for the Ohio C.P.A. examination. Although the course did further his educational background in accountancy, he admittedly would not have taken the course had it not been for the prospective examination. He incurred expenses of $285.10 in connection with this course, itemized as follows: Becker C.P.A. Review Course
$259.05
Books
10.05
Meals and Mileage 16.00
Total
$285.10
During December of 1966 these amounts were expended and Robert deducted them as a business expense for education on his income tax return for 1966. In his return he stated that his occupation was "Auditor" and in the statement of employee business expenses attached, the following appears in Schedule D thereof: 1. Name and address of educational institution or activity Becker C.P.A. Review Course, 146 Engineers Bldg., Cleve., Ohio 44114. 2. Was the education undertaken in order for you to retain your employment, salary, or status? - Yes X No If "Yes" attach a statement from your employer to this effect. 3. If your answer to question 2 is "No," state the primary purpose of obtaining the additional *140 education and show the relationship between the courses taken and your employment during the period. In order to not only maintain and improve my skills but also to assure myself a future in public accounting, I find it necessary to take this review course to aid me passing the C.P.A. examination. Is it customary for other members of your trade or profession to undertake similar education? X Yes - No 4. List the principal subjects you studied at the educational institution shown in question 1 above or describe your educational activity. It is a course aimed at helping one prepare for in order to pass the C.P.A. examination. In his notice of deficiency with respect to 1966, respondent disallowed this deduction in full on the ground that these expenses were personal in nature. Ultimate Findings of Fact The expenses of $285.10 incurred in connection with petitioner's review course in 1966 were incurred for the primary purpose of passing the C.P.A. examination and not to improve or maintain his skills in his employment as an auditor or staff accountant or to meet the express requirements of his employer imposed as a condition to retain his employment; the expenses were incurred *141 to assist petitioner to become a C.P.A. and were nondeductible personal expenses. Opinion Petitioner contends that the expenditures which he incurred in 1966 in connection with the Becker C.P.A. Review Course are deductible ordinary and necessary business expenses for education under section 162, I.R.C. 1954, and section 1.162-5, Income Tax Regs.[1]
*142 The petitioner argues that he took the C.P.A. Review Course in question and 974 incurred the expenses in connection therewith for the primary purpose of improving his skills in his employment. He has failed to establish this to our satisfaction, however, and instead the record before us is convincing that the primary purpose of the C.P.A. Review Course was to prepare Robert for taking the examination so that instead of being an auditor or staff accountant he could become a certified public accountant. We are not at all persuaded by petitioner's arguments that the expenses could not be personal because they related to his business in the accounting field. While it is true that he was employed by an accounting firm before he took the Review Course, he was not employed as a C.P.A. and could not have been so employed prior to taking and passing the Ohio C.P.A. examination. We agree with the respondent that the following excerpt from the regulations prohibits the deduction taken by petitioner: Sec. 1.162-5 Expenses for education. * * * (b) * * * In any event, if education is required *143 of the taxpayer in order to meet the minimum requirements for qualification or establishment in his intended trade or business or specialty therein, the expense of such education is personal in nature and therefore is not deductible. * * * (e) The provisions of this section may be illustrated by the following examples: Example (1). A is employed by an accounting firm. In order to become a certified public accountant he takes courses in accounting. Since the education was undertaken prior to the time A became qualified in his chosen profession as a certified public accountant, A's expenditures for such courses and expenses for any transportation, meals and lodging while away from home are not deductible. Petitioner argues that the fact that he was employed as a staff accountant or auditor for an accounting firm in July, 1966, prior to his taking the review course and C.P.A. examination, proves that he had met the minimum requirements for qualification or establishment in his job. This may be true, but Robert took the course to qualify him to become something more, a licensed C.P.A., which he was not at the time. Example (1), quoted above, clearly demonstrates that the fact that *144 an individual is already performing service in an employment status does not establish that he has met the minimum educational requirements for qualification in a subsequently to be acquired professional status. See also Robert M. Kamins, 25 T.C. 1238 (1956). Furthermore, we have found as a fact that Robert's expenses to prepare him to pass his C.P.A. examination were not incurred for education undertaken primarily for the purpose of maintaining or improving skills required in his employment or to meet requirements of his employer. The record is devoid of evidence that the review course did anything in those respects. Under the circumstances disclosed by the record before us it is apparent that the Becker C.P.A. Review Course, which petitioner took for the primary purpose of preparing himself for the C.P.A. examination, was deemed necessary by the petitioner in order to qualify and establish him in his intended trade or business as a certified public accountant. In his own words, "It is a course aimed at helping one prepare for in order to pass the CPA examination." Therefore, we conclude and hold that the expenses which he incurred in connection with this course are *145 personal in nature and are not deductible business expenses. Section 262; see also O.D. 452, 2 C.B. 157 (1919-1920). Decision will be entered for the respondent. 975 Footnotes
1. SEC. 162, I.R.C. 1954. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * * Petitioner chose to rely on the regulations issued in 1958, rather than the new 1967 regulations. They read in part as follows: Sec. 1.162-5 Expenses for education. (a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of: (1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business, or (2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment. * * *↩